DAVIS v. FREMONT.

(Filed May 24, 1904).

MUNICIPAL CORPORATIONS—*Bonds.*

> The providing of a system for lighting the streets of a town is a necessary expense, for which bonds may be issued without submitting the proposition to a vote of the people.

DOUGLAS, J., dissenting.

ACTION by J. D. Davis against the town of Fremont, heard by *Judge W. R. Allen,* at May Term, 1904, of the Superior Court of WAYNE County. From a judgment for the defendant the plaintiff appealed.

*M. T. Dickson,* for the plaintiff.
*F. A. Daniels,* for the defendant.

CONNOR, J. The commissioners of the town of Fremont, in Wayne County, on May 13, 1904, adopted a resolution reciting that experience had demonstrated the necessity for providing a system of lighting the streets of the town, and that all experiments theretofore made to do so had proved unsuccessful; that after investigation the board had ascertained that an electric light plant can be erected of sufficient capacity to furnish light for the town and its inhabitants at a cost of $4,000. They proceed to declare that the establishment of an electric light plant for the town is a public necessity, and that it is necessary to contract a debt of $4,000 for such purpose. It is thereupon resolved to issue bonds in said amount of $4,000, each carrying interest at 6 per cent. and maturing January 1, 1919. Provision is made for a sale of the bonds at not less than par, and that the proceeds of such sale shall not be used for any other purpose than the purchase and

establishment of said plant.   Provision is also made for levy-
ing a tax for the payment of the interest on the bonds, and
a sinking fund to pay the principal at maturity.

It appears from the pleadings that the town of Fremont
was duly incorporated with all the powers conferred upon
cities and towns by chapter 62 of The Code.   The town had
a population of eight hundred, and the assessed value of the
real and personal property is $222,000.   Its present rate of
taxation is forty-five cents on the one hundred dollars worth
of property and $1.35 on each poll.   Its chartered limit is
66 2-3 cents and $2 on each poll.

The plaintiff, a tax payer in the town, seeks to enjoin the
commissioners from issuing the bonds for that the proposition
has not been submitted to a vote of the people of the town.
The cause was heard by his Honor *Judge Allen* upon a motion
for an injunction, who found the facts above set forth, and
the additional fact that there was no limitation in the charter
of the town of Fremont upon the power to contract for
necessary expenses, and the further fact that the town can pay
the interest on said debt and provide a sinking fund to pay
the principal without exceeding the limit of taxation in its
charter, and being of opinion that the establishment of the
electric light plant is a necessary expense, refused to grant
the injunction.   Plaintiff appealed.

We are of the opinion that the facts set forth in the order
of his Honor bring the case clearly within the ruling of this
Court in *Fawcett v. Mt. Airy,* 134 N. C., 125.   That case was
decided after careful consideration, and with the limitation
of the general principle found in *Wadsworth v. Concord,* 133
N. C., 587, and *Robinson v. Goldsboro,* at this term, we are
content to abide by the law as therein laid down.   We think
the decision sound in reason and consistent with the con-
ditions existing in this State.   The power thus recognized
should be carefully exercised.   The duty rests upon the peo-

ple in the town to intrust it only to men of good judgment and incorruptible integrity, who recognize their responsibility to the people. If injury comes to the people, they are alone responsible for it. We see nothing in the record to cause us to doubt the power being wisely exercised. The judgment below is

Affirmed.

DOUGLAS, J., dissents.