TOWN OF LUMBERTON v. JOHN NUVEEN & CO.

(Filed 9 April, 1907).

1. Towns—Bond Issue—Certain Interest Rate—Commissioners— Discretion.—An issue of bonds by a town in pursuance of a private act, 1905, chapter 334, authorizing the issue, "to bear interest at a rate not exceeding six per cent. per annum," is valid as to the certainty of the interest rate when, under the act itself and under the notice of sale, the town commissioners were vested with full power to fix the rate of interest, not exceeding the rate aforesaid, and the records show that the rate was fixed at five and one-half per cent., in the discretion of the commissioners.

2. Same—Maturity.—When it appears from the act under which the bonds are issued, and the notice of sale sent in pursuance thereof, that the date of the maturity of the bonds to be issued by the town was to be fixed by the town commissioners not longer than thirty years, and redeemable at the option of the town at the end of twenty years, a discretion is given to the commissioners to fix the date of maturity, subject to the limit of thirty years.

3. Towns—Bond Issue—Provision for Interest and Sinking Fund— Tax Rate—Limitation—Special Tax—Validity.—When it appears that the tax rate of a town has not reached the limitation contained in the provision of the act ·under which the bonds are issued, and, subject to such limitation, the commissioners shall levy a special tax sufficient to provide for the interest and a sinking fund, and that, if the tax levied during any one year should prove insufficient, an additional tax shall be levied, the issue will not be held invalid for a failure to provide for payment of interest and for a sinking fund.

4. Towns—Bond Issue—One or Two Boxes—Commissioners— Discretion.—When it appears that the provisions relating to the issuance of bonds by a town for the purposes of water-works and sewerage "may be voted on in separate boxes," and qualifying words, "but in such case," immediately follow, indicating that the proposition could be voted on in one box, making certain requirements as to ballots in the event of two boxes, it is left to the discretion of the commissioners as to whether one or two boxes shall be used.

5. Towns—Bond Issue—Act—Purchasers Bound with Notice.—Purchasers of bonds issued under the provisions of a legislative act are fixed with knowledge of its terms and conditions .

CONTROVERSY WITHOUT ACTION, heard by *Webb, J.,* at April Term, 1907, of ROBESON Superior Court. From judgment rendered the defendant appealed.

*McIntyre & Lawrence* for plaintiff.
*McLean, McLean & McCormick* for defendant.

BROWN, J.   This proceeding is brought to determine the legality of an issue of bonds to the amount of $25,000, issued by the town of Lumberton, N. C., and which the defendants contracted to purchase. The defendants contest the validity of the bond issue upon the following grounds, as appears from briefs of counsel for both parties to the controversy:

1. For that the petition and notice of election do not set forth with certainty the rate of interest nor the time of maturity, as is provided by sections 1 and 2 of chapter 334, Private Acts of 1905, under which the bonds have been issued.

2. For that the rate of tax to be levied and collected to pay interest and to provide a sinking fund for the redemption of the bonds at maturity, as set forth in the petition and notice of election, and as levied by the Board of Commissioners of the town, is insufficient, not enough funds being provided wherewith to pay interest and principal at maturity.

3. For that water-works and sewerage are two distinct and separate objects, and bonds for the extension of water-works and sewerage could not be voted upon on one form of ballot and in one ballot-box, as was done, where the act provides that each object must be voted for separately upon different ballots and in different boxes.

As to the first objection, we find that the notice required by the Act of 1905, referred to, contains these words: "The said bonds, if issued, to bear interest at a rate not exceeding six per cent. per annum, payable annually." A majority of

the qualified voters, under the terms of said act, enacted in strict conformity to the Constitution, authorized the issue of the bonds upon a six per cent. interest basis. The commissioners are vested with full power to fix the rate of interest, provided it does not exceed six per cent. This is not only true under the terms of the notice, but section 1 of the act expressly confers such discretion. The record shows that the bonds are to bear interest at five and a half per cent.

As to the time of maturity, both the notice and the act authorize the issue of bonds maturing at a date not longer than thirty years, and redeemable at the option of the town at the end of twenty years. The language of section 1 of the act gives to the commissioners a discretion as to the time of payment, subject to the thirty-year limit. *Bank v. Ayer,* 24 Ind. App., 212; *Catron v. County,* 106 Mo., 659; *Baker v. Seattle,* 2 Wash., 576; *Turpin v. County,* 48 S. W., 1085; *Cullen v. Water Co.,* 113 Cal., 503; *Manufacturing Co. v. Elizabeth,* 42 N. J. Law, 249.

It is contended that the rate of taxation levied by the plaintiff's commissioners in their order will be insufficient to pay the annual interest and to provide a sinking fund. This cannot invalidate the legality of the bond issue. The act provides that the commissioners shall levy a special tax sufficient to provide for the interest and sinking fund, and, if the tax levied during any one year should prove to be insufficient, they can be compelled to levy an additional tax, subject, of course, to the limitations contained in the proviso to section 4 of the act. The defendants are, of course, held to have had knowledge of the terms of the act when they contracted to purchase bonds issued under its authority. It appears that the rate levied is not up to the limit yet, and we are led to believe that there is a probability that in the future it may be safely lowered, judging from the glowing terms in which the learned counsel for the plaintiff, in their brief, refer to their

144—20

prosperous town, viz.: "The Court will take judicial notice
of the fact that our towns and cities are growing rapidly—
especially the town of Lumberton, that great center of trade
and industry." We cannot take judicial notice that Lum-
berton is "that greater center of trade and industry," to the
extent of basing our judgment as to the sufficiency of the
tax levy upon what the future may hold in store for its thrifty
population. What we do hold is·that, if it is insufficient, the
bondholder can compel an increased levy within the terms
and limitations of the act.

It is also contended that the propositions relating to water-
works and sewerage should have been voted on in separate
boxes, in order to comply with the terms of the act. We do
not deem it necessary to determine the question, so elabo-
rately presented in the briefs, as to whether water-works and
sewerage are one and the same thing, as understood in the
town of Lumberton, or are two distinct objects and kinds of
municipal improvement. We hold that the language of the
act is not mandatory, and whether one or two boxes were
used is immaterial so far as it affects the validity of the
bonds. The words "may be voted on in separate boxes" are
shown by the context to leave the manner of voting to the
sound discretion of the commissioners. The qualifying
words, "but in such case," immediately following, indicate
plainly that the propositions could be voted on in one box;
but, in case two boxes were used, certain requirements are
made as to ballots. In fact, the whole of section 2 plainly
imports that it was within the discretion of the commissioners
to provide only one box for the vote upon water and sewerage.

Upon a review of the whole record, we are of opinion that
the bonds constitute a valid obligation of the town of Lum-
berton, and that, under the terms of their contract, the de-
fendants are compellable to accept and pay for the same.

The judgment of the Superior Court is

Affirmed.