R. L. SMITH v. TOWN OF BELHAVEN.

(Filed 17 February, 1909.)

**Bond Issues—Vote of the People—Several Classes of Debt—One Ballot Box—Constitutional Law.**

An issue of municipal bonds, when approved by the majority of the qualified voters, under the authority of a statute passed according to the constitutional requirements, is not invalid because there were several distinct debts provided and voted for in one ballot box. Article VII, sec. 7, of the Constitution does not require that the vote upon each distinct proposition must be in a separate ballot box.

ACTION from BEAUFORT, heard upon demurrer to complaint by *Peebles, J.,* by consent, at chambers, in Elizabeth City, 14 January, 1909.

The plaintiff brings this action to enjoin the issuing of cer-

tain bonds by the municipality of Belhaven. Upon a hearing before his Honor, *Judge Peebles,* the injunction to the final hearing was denied. The plaintiff appealed.

The facts are stated in the opinion of the Court.

*J. A. Leigh* for plaintiff.
*Small, MacLean & McMullan* for defendant.

BROWN, J. The record discloses these material facts, as admitted by the parties. That by virtue of an act of the General Assembly, ratified on the first day of March, 1907, and entitled "An Act to authorize the Board of Aldermen of Belhaven, Beaufort County, to issue bonds," the defendants called and held an election, in the manner prescribed by the said act, at which time a majority of the votes cast by the registered voters, constituting a majority of the qualified voters of the said town, were in favor of the bond issue authorized by the said act; that it was set forth in said act that the defendants were authorized and empowered to issue bonds, not exceeding in amount $20,000, for the purpose of paying the outstanding indebtedness of the said town; to purchase a site or otherwise secure and maintain, build and equip a town hall; to construct, build and maintain a public dock; to construct, build and maintain, make and repair the streets and sidewalks of said town; to purchase and maintain all necessary equipment for a well-organized fire department, and to make such other improvements as the board of aldermen may deem expedient and necessary.

The validity of the bond issue is contested upon the ground that "five distinct kinds of debt are included in the proposed bond issue and were not each voted upon in separate ballot boxes for each of the purposes of the bond issue, as required by section 7, Article VII of the Constitution of this State. There is nothing in the section above cited which requires a separate ballot box for each proposition.

The defendant town has received legislative authority to contract the debt and issue the bonds, upon condition that the approval of a majority of the qualified voters be first obtained. The act does not prescribe that a vote shall be taken in a separate box on each proposition, and the condition has been met in

manner and form as required by the act. Nor does it matter
that the proposition was voted for on one paper ballot instead
of several distinct ballots. The proposition to issue the bonds
was submitted as one proposition, and as it was carried by a
majority of the qualified voters, the bonds to be issued in pur-
suance thereof are valid. The purchaser is not bound to see
to the application of the proceeds of sale.

The question presented has been fully determined and dis-
cussed in the case of *Lumberton v. Nuveen*, 144 N. C., 303,
where the authorities are collected. We are of opinion that the
proposed bond issue is valid.

The judgment of the Superior Court is
Affirmed.