WILLIAM G. BRADSHAW et al. v. CITY OF HIGH POINT.

(Filed 23 December, 1909.)

1. Cities and Towns—Bond Issues—Necessaries—Charter Powers—Popular Vote—Constitutional Law.

Under the charter of 1909, sec. 12, of the City of High Point, an issue of bonds by that city to complete payment under its contract for the erection of a waterworks plant and sewer system, about completed, is for a public necessity, not requiring a popular vote for its validity. Constitution, Art. VIII, sec. 4.

2. Cities and Towns — Bond Issues — Charter Powers — Repealing Acts—Interpretation of Statutes.

Section 31 (10) of the charter of the City of High Point, repealing all former laws affecting the government of the city, etc., except acts relating to the issue of bonds and granting of franchises, etc., was to prevent the invalidation of bonds already issued and franchises already granted, and not to continue restrictions which are inconsistent with the provisions of the charter of 1909.

3. Same—Refunding Debts.

Chapter 19, Private Laws 1907, authorizing an election by that city upon a proposition to issue bonds for divers purposes, among them, that of improving and extending its water plant and sewer system, does not restrict the power to issue bonds for such purposes without a popular vote granted by the charter of 1909, especially as the charter expressly authorizes the city council "to fund or refund by ordinance the whole or any part of the existing debts of the city or any future debt by issuing bonds."

APPEAL from *Biggs, J.*, December Term, 1909, of GUILFORD.

This is an action brought by the plaintiff, a taxpayer and citizen of the city of High Point, against the defendant, to enjoin it from issuing bonds to the amount of $30,000, the proceeds of the sale of which are to be used in paying a debt contracted for a necessary expense of said defendant.

On 1 October, 1909, the city of High Point entered into a contract with the United States Construction Company to extend and improve its sewer and water systems, agreeing to pay therefor the sum of $30,000, same to be paid in installments, as provided in said contract, and immediately thereafter said construction company began said work, and the same will in a short time have been completed.

The defendant, not being able to provide for the payment for said work out of its funds in hand or current revenues, after having passed an ordinance in full compliance with the provisions of its charter, was preparing to issue and sell bonds to raise the funds necessary, when the plaintiff instituted this suit to restrain further action on the part of the city, alleging two reasons why said proposed issue of bonds would be unlawful: first, because the defendant had not complied with chapter 19, Private Laws 1907, in holding an election on the proposed issue of bonds; second, because it has no authority to issue long-time negotiable bonds for the purposes expressed in said ordinance and set out in the pleadings.

His Honor held that the bonds are valid, and refused the motion for a restraining order. The plaintiff appealed.

*G. S. Bradshaw* for plaintiff.
*Shaw & Hines* and *E. H. Farris* for defendant.

CLARK, C. J., after stating the case: The contract was for a public necessity, and therefore a valid indebtedness, and a popular vote was not necessary, unless the charter or some statute required it. *Fawcett v. Mt. Airy,* 134 N. C., 125; *Davis v. Fremont,* 135 N. C., 538; Revisal, sec. 2916 (6).

The plaintiff relied upon chapter 19, Private Laws 1907, which authorized an election upon a proposition to issue $125,000 in bonds for divers purposes, among them that of improving and extending its water plant and sewer system, aiding the construction of a railroad, and other purposes. Had that statute prohibited the issuance of bonds for water and sewerage, unless so voted, this would have rendered the issuance of these bonds invalid, unless the statute has been repealed (*Wadsworth v. Concord,* 133 N. C., 587; *Robinson v. Goldsboro,* 135 N. C., 382; *Commissioners v. Webb,* 148 N. C., 120), for the Constitution, Art. VIII, sec. 4, places the control and restriction of the powers of municipal bodies in contracting debts in the General Assembly.

By chapter 395, Laws 1909, the General Assembly enacted "An act to grant a new charter to the city of High Point, repealing all laws and parts of laws in conflict herewith." Section 12 of this act gave the city the fullest power to provide for a system of sewerage and waterworks. Section 27 (9) prescribes in detail the duties of the "superintendent of waterworks and sewerage." Section 31 (10) is as follows: "From and after the ratification of this act, the same shall thenceforth be the charter of the city

of High Point, and all laws now constituting a charter of said city, affecting the government thereof in the grants heretofore made of its corporate franchise and powers (except the acts relating to the issue of bonds and granting of franchises), and all laws of a public and general nature inconsistent with or coming within the purview of this act, are hereby repealed, as far only as they may affect the city."

The plaintiff contends that the effect of this subsection is to except chapter 19, Private Laws 1907, from the general repealing clause. We do not think so, especially in view of the unrestricted power to establish a system of waterworks and sewerage conferred by section 12, above referred to.

The exception from repeal of acts relating to the issue of bonds and granting of franchises was to prevent the invalidation of bonds already issued and franchises already granted, but was not intended to continue restrictions which are inconsistent with the liberal provisions of the new chapter. Chapter 19, Private Laws 1907, was no longer necessary, and is completely eliminated by this "new charter." The bonds are therefore valid. *Greensboro v. Scott,* 138 N. C., 184.

The debt being valid, the municipal authorities can issue bonds to fund the same. *Commissioners v. Webb,* 148 N. C., 123. Besides, the "new charter" (Laws 1909, ch. 395, sec. 30) expressly authorizes the city council "to fund or refund by ordinance the whole or any part of the existing debts of the city or any future debt" by issuing bonds.

The judgment below is

Affirmed.