### D. S. JONES v. CITY OF NEW BERN.

(Filed 2 March, 1910.)

1. **Cities and Towns—Streets—Necessary Expense.**

    The cost of maintaining, repairing and paving the public streets of a city is a necessary expense.

2. **Cities and Towns—Bond Issues—Elections—Majority Vote—Constitutional Law.**

    When a debt to be contracted by a city is for a necessary expense, the restrictive provision of the Constitution, requiring a majority of the qualified voters, does not apply.

3. **Same—Legislative Control.**

    The issue of bonds by a city to meet its necessary expense is controlled by a special legislative enactment relative thereto; and the bonds are valid if the requirement of the act is met, that a majority of the votes cast shall be in favor of the issue.

4. **Cities and Towns—Bond Issues—Sinking Fund—Interest—Validity of Bonds.**

    A failure to provide a sinking fund for the payment of principal, or a special tax for the payment of interest, does not affect the legality of the bonds issued by a city, but only the means and method of payment.

APPEAL from *Peebles, J.,* February Term, 1910, of CRAVEN.

Civil action to test the validity of a bond issue by the defendant. A demurrer to the complaint was sustained upon the ground that no cause of action is stated in the complaint. Defendant appealed from a judgment dismissing the action.

The facts are stated in the opinion of the Court.

*R. A. Nunn* for plaintiff.
*W. D. McIver* for defendant.

BROWN, J. There are three objections made to the validity of the bond issue authorized by the ordinance of the board of

aldermen of the defendant city: (1) That the ordinance was not ratified by a majority of the qualified voters, but only by a majority of the votes cast at the election; (2) that there is no provision made for payment of principal or interest; (3) that no notice of the election was given, as required by law.

It appears from the complaint and the ordinance, which is made a part thereof, that the bonds are to be issued for street improvements and paving purposes, in pursuance and by authority of defendant's charter, Private Laws 1899, ch. 82 and the amendments thereto; Private Laws 1907, ch. 61. The charter contains this provision: *"Provided,* that before any bonds are issued as herein provided, the question shall be submitted to a vote of the qualified voters of the city, and a majority of the votes cast at such election shall be in favor of the issuing of said bonds."

It may be considered settled in this State that no city or other municipal corporation can contract a debt for other than necessary expenses, except by legislative sanction, ratified by a majority of the qualified voters. But when the debt to be contracted is for a necessary expense, the restrictive provision of the Constitution as to a majority of the qualified voters does not apply.

It has likewise been held that the cost of maintaining, repairing and paving the public streets is a necessary expense. *Commissioners v. Webb,* 148 N. C., 122. Nevertheless, a municipality, such as a city, town or county, is subject to the control of the General Assembly even in respect to necessary expenses. Const., Art. VII, sec. 4; *Burgin v. Smith,* 151 N. C., 566. It is therefore held that the directions of the Legislature must be followed and the provisions of the statute complied with before the municipality may lawfully issue bonds for even necessary expenses. *Commissioners v. Webb, supra,* and cases cited.

In respect to the bond issue under consideration, the General Assembly has seen fit to require ratification by a majority of the votes cast at the election. The debt to be incurred being for a necessary expense for a city of the size and character of New Bern, the legislative requirement is met by no constitutional obstacle.

The second objection cannot be sustained. The alleged failure to provide a sinking fund for payment of principal or a special tax for payment of interest does not affect the legality of the bonds, but only the means and method of payment. *Commissioners v. McDonald,* 148 N. C., 126-148.

The third objection is equally untenable, as Exhibit "A" is made a part of the complaint, and to us it appears to give full and complete notice of the election. *Tyson v. Salisbury,* 151 N. C., 469. The judgment of the Superior Court is
Affirmed.