W. A. UNDERWOOD v. TOWN OF ASHEBORO.

(Filed 25 May, 1910.)

1. Cities and Towns—Bond Issue—Water System—Necessary Purpose.

An issue of bonds for water-works and sewerage in a town where the wells are contaminated with typhoid germs, and there is no adequate protection from fire, and no other supply of water, is for a necessary purpose.

2. Same—Taxation—Limitations of Levy—Injunction—Burden of Proof.

The limitations of Revisal, secs. 2974, 2977, 2924, 5110, do not apply to a tax levy for the necessary municipal purpose of a water and sewer system; and, if otherwise, the party seeking to restrain a bond issue for such purpose has the burden of proof that after deducting rentals and profits of the water system, the levy to pay interest on these bonds would probably swell the total levy, for other than special purposes, authorized by statute, beyond the limitations in either Rev., 2924 or 5110.

APPEAL by plaintiff from *Biggs, J.,* from RANDOLPH, heard at chambers in Asheboro, 10 May, 1910.

On 10 February, 1910, the board of commissioners of the town of Asheboro passed a resolution, without submitting the same to a vote of the people, to issue $50,000 in bonds of the town, due thirty years after date and bearing 5 per cent interest, for the purpose of providing a system of waterworks and sewerage for said town. The plaintiff, a taxpayer of said town, brought this action to restrain the issuing of said bonds. The court decided that the purpose contemplated by the resolution was a necessary expense, and there being no limitation in the charter or by any statute, general or special, upon the power of the town to contract for necessary expenses, adjudged that the town commissioners had authority to incur said indebtedness and issue bonds therefor, and denied the injunction. Plaintiff appealed.

*R. C. Kelly* and *H. M. Robins* for plaintiff.
*J. A. Spence* for defendant.

CLARK, C. J. Upon the facts agreed, which the judge found to be true, it appears that the population of the town of Asheboro is about 2,000; that the assessed value of the real and personal property in the town is $752,767 and there are 312 taxable polls; that the bonded indebtedness already existing is $15,000; that by virtue of special elections authorized by the General Assembly, the town levies 50 cents on the $100 of prop-

erty and $1.50 on the poll for graded-school purposes, and 25 cents on the $100 and 75 cents on the poll for general, street and other purposes.

It is further agreed and found as facts by the judge, that the present source of water supply for the inhabitants of the town is surface wells, and water from four of these have been analyzed and all four were found to be infected with typhoid germs; that the town has no provision for protection from fire; that the town is lighted by electric lights, but it has only about 100 yards of paved streets; that the cost of putting in the proposed water and sewerage system will be between $40,000 and $60,000.

The protection of the town from fire and disease is of the first importance, and his Honor properly adjudged that this provision for water and sewerage was a necessary expense. By the terms of the Constitution, Art. VII, sec. 7, Rev., 2974, a vote of the people is not required before incurring an indebtedness and issuing bonds for "necessary expenses" in the absence of statutory restriction. Const., Art. VIII, sec. 4.

The existing indebtedness is $15,000 and the assessed valuation of property, real and personal, in the town is $752,767. The proposed issue of $50,000 bonds would, therefore, not violate the 10 per cent restriction in Rev., 2977, if it applied to indebtedness for necessary expenses, which it does not. *Wharton v. Greensboro,* 146 N. C., 356.

The limitation in Rev., 2924, of a levy of more than 50 cents on the $100, and $1.50 on the poll, applies to "municipal purposes," *i. e.,* for ordinary purposes of city or town government. The limitation in Rev., 5110, that the town shall not levy to exceed $1 on the $100 has this proviso, "except by special authority from the General Assembly." Though the town already levies 75 cents on the $100, so much thereof (50 cents) as is levied for special purposes (school, etc.) under elections authorized by special statutes is to be deducted from the 75 cents, which leaves ample margin between the 25 cents now levied for general purposes and the $1 limitation in Rev., 5110, for a levy to pay the interest on these bonds, though that would not be necessary to the validity of the bonds. *Commissioners v. McDonald,* 148 N. C., 125. Besides, it does not appear that after deducting rentals and profits of the water system the levy to pay interest on these bonds would probably swell the total levy for other than special purposes (which are authorized by special statute) beyond the limitation in either Rev., 2924 or 5110. The burden to show this was on the plaintiff asking an injunction.

---

Towns in Randolph County are exempted from the very commendable provision in Laws 1907, ch. 935, Pell's Rev., 2924, which restricts the total municipal poll tax in all cases to $2. The excessive poll tax levied in many towns before the passage of this act was a great hardship on the poorer classes.

The judgment refusing the injunction is

Affirmed.