THE RED SPRINGS HOTEL COMPANY v. TOWN OF RED
SPRINGS ET AL.

(Filed 22 November, 1911.)

1. Bond Issues—Legislative Authority—Constitutional Law—Taxation.

The requirement of the Constitution as to the calling and recording of the "aye" and "no" vote, having been met in all particulars relating to the issuance of bonds by the town of Red Springs for water and sewerage purposes, the validity of the issue can neither be successfully resisted nor the collection of taxes for the purpose restrained.

2. Bond Issues—Legislative Authority—Necessaries—Vote of People.

When it appears that a municipality, desiring to issue bonds for water and sewerage purposes, and a legislative enactment authorizing their issuance, have declared the purpose thereof to be a necessity, the validity of the bonds cannot be successfully attacked upon the ground that they were not duly authorized by a vote of the qualified voters of the town.

3. Bond Issues — Legislative Authority — Municipal Authorities — Rate Taxed.

An act of the Legislature authorizing a municipality to issue bonds for a water and sewerage system, allowing the boards of commissioners and of public works thereof to fix a rate of interest thereon of "not more than 6 per cent," when the bonds are issued, does not invalidate the issue because no rate of interest was fixed by the act.

4. Bond Issues—Rate of Taxation—Sinking Fund—Constitutional Law.

A bond issue of a town duly authorized by legislative enactment is not objectionable or invalid because at the present rate of taxation an insufficient revenue is obtained for a sinking fund to retire the bonds at maturity and to pay the interest thereon. *Lumberton v. Nuveen*, 144 N. C., 303, cited as controlling.

5. Bond Issues—Water and Sewerage—Division of Proceeds—Municipal Discretion.

A legislative grant of authority to a town to issue bonds for the purpose of providing a necessary waterworks and a necessary sewerage system, is not invalid because it provides for these two purposes in one bond issue, leaving the division of the proceeds for each purpose to the discretion of the municipal authorities, where it can be more intelligently exercised.

6. Bond Issue—Sewerage and Water—Interpretation of Statutes.

    The act of 1911, Public Laws, ch. 86, does not affect the validity of the bonds of Red Springs referred to in this case.

APPEAL from *Carter, J.,* at November Term, 1911, of ROBESON.

This is a controversy, without action, submitted to the court under the provisions of section 803 of the Revisal of 1905.

The board of commissioners of the town of Red Springs having declared by resolution that a system of waterworks and sewerage was an absolute and imperative public necessity for the town, an act was duly introduced in the Legislature of North Carolina, Session of 1911, authorizing said town to issue bonds to the amount of $35,000, bearing interest at a rate not exceeding 6 per cent, and maturing not later than thirty years from date of issue, and authorizing the levy of a special tax of 35 cents on the $100 valuation of property, and $1.05 on each taxable poll to pay interest and provide a sinking fund for the retirement of said bonds at maturity. This act was passed by the General Assembly of North Carolina, and appears as chapter 170, Private Laws of North Carolina, Session of 1911. A board of public works for the town of Red Springs was created by said act to handle the funds and to perform certain other duties therein specified.

The board of public works of said town first advertised the issue at 5½ per cent interest, and bonds bearing interest at this rate were advertised and sold. The purchaser failed to comply with his bid, and thereupon bonds bearing interest at 6 per cent have been advertised and contracted to be sold. It is admitted that unless the defendants are restrained they will proceed to sell the bonds and levy the special tax as provided by said act of 1911.

The plaintiff is a corporation owning property in the town, and brought this action to restrain the issue of the bonds and the collection of the tax.

The cause was heard before his Honor, *Frank Carter, J.,* at November Term, 1911, of the Superior Court of Robeson County, and from a judgment in favor of the defendants the plaintiff excepted and appealed to this Court.

*McIntyre, Lawrence & Proctor for plaintiff.*
*McLean, Varser & McLean for defendants.*

BROWN, J.   The plaintiff bases its claim for injunctive relief upon five propositions:

1. That chapter 170 of the Private Laws of North Carolina, Session of 1911, was not enacted by the General Assembly in accordance with the provisions of the Constitution of North Carolina, and hence the town of Red Springs has no legal authority to issue said bonds or to collect any tax whatever on account thereof.

This contention cannot be sustained. A transcript of the entries upon the journals of both Houses of the General Assembly are set out in the record and show that the "ayes" and "noes" were duly called and entered and the bill enacted into law in strict accordance with the Constitution.

2. That the town of Red Springs has no power to issue said bonds or to collect any tax whatever on account thereof, for that said bonds were not authorized by a vote of the qualified voters.

The purpose of the bonds is to secure for the municipality a system of waterworks and sewerage. This is declared by the Legislature in the preamble to the act to be a necessary expense, as well as by the municipal authorities. The question has also been repeatedly decided by this Court adversely to plaintiff's contention.   *Faucett v. Mount Airy,* 134 N. C., 125; *Davis v. Fremont,* 135 N. C., 538; *Hightower v. Raleigh,* 150 N. C., 569; *Water Co. v. Trustees,* 151 N. C., 175; *Bradshaw v. High Point,* 151 N. C., 517; *Underwood v. Asheboro,* 152 N. C., 641.

3. That chapter 170 of the Private Laws of North Carolina, Session 1911, does not definitely fix the rate of interest to be borne by said bonds, but leaves the rate of interest to the discretion of the board of commissioners and board of public works of said town, and hence said act is null and void and no authority is conferred upon the town of Red Springs to issue said bonds or to levy any tax on account thereof.

This contention cannot be sustained. The purpose of the Legislature in providing that the bonds should bear interest at a rate of "not more than 6 per cent" was to give the town

authorities discretion to sell the bonds to bear a rate of interest most advantageous to the town, not exceeding, in any event, 6 per cent.

By section 5 of the act above referred to, discretion is given to the board of public works and board of commissioners of the town to fix the rate when the bonds are sold, not exceeding 6 per cent.

The point is expressly decided in *Lumberton v. Nuveen,* 144 N. C., 303.

4. That the rate of tax to be levied to pay principal and interest on said bonds upon the valuation of property in the town of Red Springs as now constituted is not a sufficient special tax to provide for the payment of principal and interest at maturity, and for that the defendants have no power to levy any larger tax than 35 cents on the $100 valuation of property and $1.05 on each taxable poll, this being the rate of special tax provided in the act authorizing the issue of said bonds.

The same point was presented and decided by this Court in *Lumberton v. Nuveen,* 144 N. C., 303, wherein it is said: "It is contended that the rate of taxation levied by the plaintiff's commissioners in their orders will be insufficient to pay the annual interest and to provide a sinking fund. This cannot invalidate the legality of the bond issue." *Underwood v. Asheboro, supra; Jones v. New Bern,* 152 N. C., 64. In the latter case this Court said: "The alleged failure to provide a sinking fund for payment of principal or special tax for payment of interest does not, affect the legality of the bonds, but only the means and methods of payment."

The Legislature can, and doubtless will, if necessary, authorize an increase in the tax rate, or that may be unnecessary owing to the growth of the town and increase in taxable property. It is well known that Red Springs is a growing town and inhabited by a remarkably thrifty, industrious, and high-class citizenship. Doubtless in a short time a fair valuation of the property at the rate authorized by the Legislature will yield ample income to meet the provision for both interest and sinking fund.

5. That bonds for the creation of a system of waterworks and bonds for the creation of a system of sewerage are to be issued for two distinct and separate objects, and for that bonds to provide funds for both purposes cannot be issued in one series and part of the proceeds used for waterworks and another part for sewerage; and for that two purposes are joined in one issue of bonds, and that this cannot be done, especially in view of the fact that there is no method or proportion to be followed in the division of the funds between the two objects.

Of necessity, the division of the proceeds of the sale of the bonds between sewerage and waterworks must be left to the discretion of the municipal authorities, as the one may cost more than the other, and the exact cost of each could not be well determined by the Legislature.

The point is decided in the *Nuveen case, supra.* Our judgment is that the bonds are a valid obligation of the defendant town.

Our attention has been called to act of the General Assembly of 1911, Public Laws, ch. 86. That act is a public law intended to give all cities and towns, without further legislation, power to issue bonds for the purposes therein named when approved by a majority of the qualified voters. It was ratified 4 March, 1911, and the act amending the Red Springs charter was ratified 27 February, 1911. The latter is a private act and well within the power of the General Assembly to enact. We have held that in respect to issuing bonds for *necessary expenses* the General Assembly may require the approval of a majority of the qualified voters, and also it may, by special acts, as in this case, not require it.

We are of opinion that the act of Assembly, chapter 86, Public Laws 1911, does not affect the powers conferred by the amendment to the charter of Red Springs, Private Laws 1911, ch. 170.

The judgment of the Superior Court is
Affirmed.