J. J. ROBINSON et al. v. CITY OF GOLDSBORO.

(Filed 9 April, 1913.)

**Cities and Towns—Bond Issues—Necessary Expenses—Vote of the People—Constitutional Law—Injunction.**

> Where the proceeds of a proposed issue of bonds of a municipality is for the payment of an accumulation of items spent for the necessary purposes of the city, and for the purposes of properly equipping and maintaining its fire department for the safety of its citizens' property, and for the repairing and keeping in proper condition its own streets, the purposes of the issue are for the city's necessary expenses, not requiring that the issue of bonds be submitted to the vote of the people to be valid; and it appearing that the constitutional requirements that the readings on separate days upon the "aye" and "no" vote have been observed, their issuance may not legally be enjoined. *Hotel Co. v. Red Springs,* 157 N. C., 137. cited and applied.

Appeal by plaintiffs from *Carter, J.,* on refusal to grant a restraining order, heard at chambers 25 March, 1913, from Wayne.

This is an action brought by the plaintiff, a taxpayer and citizen of the city of Goldsboro, in his own behalf and in behalf of other citizens and taxpayers, to restrain the issuing of certain bonds and the levying and collection of certain taxes to pay the interest thereon, and to provide a sinking fund for the payment of the principal. The plaintiff alleges:

Second. That the plaintiff is a citizen and taxpayer of said city.

Third. That the defendants caused to be passed by the General Assembly of 1913 a certain act authorizing the board of aldermen of the city of Goldsboro to issue $83,000 in bonds for the following purposes: $15,000 for funded indebtedness, heretofore contracted for sewerage improvement and extension by said city, to run for not exceeding thirty-seven years; $36,-000 for waterworks improvement, to run for not exceeding thirty-eight years; $9,000 for fire department protection, to run for not exceeding thirty-three years; and $23,000 for street improvements, to run for not exceeding forty years.

Fourth. That for the purpose of providing for the payment of the interest accruing on and the principal at maturity of all of said bonds, said act provides for said board of aldermen to levy and lay a particular tax on all persons and subjects of taxation which the board of aldermen now or may hereafter be authorized to levy and lay taxes for any purpose whatever; said particular tax not to be more than 11 cents on the $100 assessed valuation of property and not more than 33 cents on the poll.

Fifth. That the question of issuing the bonds provided for in said act has not been submitted to the qualified voters of the said city, and that the board of aldermen of said city are preparing to issue said bonds without the submission to the said voters.

Sixth. Upon information and belief, that the defendants have no power to issue said bonds or to levy and collect the taxes provided for in said act of the General Assembly; the proposed bonded indebtedness of said city is not for necessary expenses, and that the said bonds will, if their issuance is not restrained, impose an indebtedness upon said city not authorized by the qualified voters, to run for the respective number of years as set forth in said act of the General Assembly.

Seventh. That the board of aldermen of said city are elected for a term of two years, and that the term of office of the present board will expire in May, 1913. That the population of said town is approximately 8,000; that the assessed valuation of all real and personal property within the corporate limits is approximately $4,500,000. That the rate of taxes now levied by the board of aldermen of said city is 94 cents on the assessed valuation of real and personal property and $2.82 on each poll.

The defendants answer, and among other things, allege:

First. That for the past three years or longer there have been increasing demands upon and applications to the board of aldermen of the city of Goldsboro for the enlargement and extension of the waterworks plant and system; for better and safer equipment to the city's fire department; for the repairing and paving of certain streets, needing the same in said city. That realizing and seeing the necessity for the aforesaid im-

provements, the board of aldermen of said city did, at its meeting held on 4 December, 1912, adopt a resolution directing the mayor to appoint a committee of five to take under consideration the amendments that they deemed wise and advisable to the city charter, and report their suggestions and findings to another meeting. The mayor appointed on said committee the following aldermen, to wit, Lionel Weil, W. D. Creech, C. B. Hall, G. P. Hood, and W. L. Peacock.

That said committee, after about six weeks study and work on those amendments to the city charter which appertained to the issuance of the bonds mentioned in paragraph third of the complaint (and hereafter set forth in full), did, at a meeting of the board of aldermen held 22 January, 1913, make its report and unanimously recommend the issuance of said bonds by said city for said improvements. On motion of Alderman Draper, seconded by Alderman Weil, the board unanimously adopted the report of the committee on charter amendments, and unanimously adopted the following resolution:

"*Be it ordained by the Board of Aldermen of the City of Goldsboro,* That Mayor John R. Higgins and City Attorney D. C. Humphrey cause to be presented to the General Assembly of North Carolina, now in session, for enactment, the following bills:

"Whereas the city of Goldsboro is indebted in the sum of $15,000, contracted heretofore, for necessary expenses; and whereas the said city of Goldsboro desires to issue bonds in a sufficient amount to pay said indebtedness; and whereas the waterworks plant and system owned by the city of Goldsboro is, in its present condition, insufficient to supply the city and its inhabitants with the proper and needful supply of water; and whereas it has become a necessity that said waterworks plant and system be improved, enlarged, and extended; and whereas the city of Goldsboro desires to issue bonds in a sum not exceeding $36,000 to make the said necessary improvements, enlargement, and extension to the said waterworks plant and system; and whereas the fire department and system of the city of Goldsboro, in its present condition, is inadequate and

insufficient to safeguard the interests of the city of Goldsboro and its citizens from loss by fire; and whereas it is necessary that the said fire department and system have a safe and proper equipment of hose, wagons, trucks, and appliances; and whereas the said city of Goldsboro desires to issue bonds in an amount not exceeding nine thousand dollars, to properly provide and equip the said fire department and system; and whereas some of the principal streets of the city of Goldsboro, to wit, East Center Street, between Chestnut and Ash streets, between Walnut and Ash streets, as well as some of the other streets in said city, are in bad condition, being unsafe and unsightly, and need working, macadamizing, and paving; and whereas the same is necessary for the general betterment of the city of Goldsboro and its citizens; and whereas the city of Goldsboro desires to issue bonds in a sum not exceeding twenty-three thousand dollars in order to have said work, macadamizing, and paving effectuated on said streets: therefore,

*"The General Assembly of North Carolina do enact:"*

(The act of the General Assembly follows, authorizing the issuing of bonds in the sum of $15,000 to provide for floating debts theretofore contracted for necessary expenses; of bonds in the sum of $36,000 for enlarging and extending the waterworks system; of bonds in the sum of $9,000 for properly equipping and adding to the fire department; and of bonds in the sum of $23,000 for working, paving, and macadamizing the streets.)

Second. That the foregoing bill was regularly enacted by the General Assembly of North Carolina, session of 1913, the same having passed its several readings on three separate days, the ayes and nays being called on the second and third readings of said bill and being entered on the journals of the House and Senate respectively; that the same conferred full power upon the said board of aldermen to issue the bonds therein set out; that said act is known as H. B. 1260 and S. B. 963.

Third. That the present tax rate of 94 cents on the assessed valuation of property and $2.82 on the poll will not be increased by the issuance of said bonds, this being brought about from

the fact that one of the city's bond issues will become due in July of this year and be paid by funds already in the hands of the commissioner of the sinking fund of the city of Goldsboro, for that purpose, by reason of which there is an available surplus property tax of 5 cents and a surplus poll tax of 15 cents. That there are also three other bond issues of said city now outstanding, from each of which a surplus of 2 cents property tax and 6 cents poll tax is available. That this available surplus tax makes a total of 11 cents property tax and 33 cents poll tax, this being the amount to which the board of aldermen are limited in said act for providing for the payment of the interest and principal of the $83,000 bond issue therein authorized.

Fourth. That there is nothing in the charter of the city of Goldsboro restricting the issuance of the said bonds. That section 27 of the city charter, passed by the General Assembly of North Carolina, chapter 397, Private Laws of 1901, reads as follows: "That among the powers herein conferred on the board of aldermen, they shall provide water, provide for repairing and draining of streets, regulating the market, take the proper means to prevent and extinguish fires. . . ."

Fifth. That all of the aforesaid bonds are for necessary expenses in and for said city. That the funded indebtedness of said city for which said act authorizes a $15,000 bond issue is the result of several years accumulation of necessary expenses incurred by said city, for sewerage extensions and improvements, the revenue from said city not having been ample to provide for the same. That the bond issue of $36,000 authorized by said act is for the purpose of enlarging and extending the waterworks plant and system of the city of Goldsboro. That the bond issue of $9,000 authorized by said act is for the purpose of properly equipping and adding to the fire department system of said city. That the bond issue of $23,000 authorized by said act is for the purpose of working, macadamizing, and paving some of the principal streets needing the same, in said city.

The cause came on for hearing upon a motion for a restraining order, and his Honor finding that the indebtedness of $15,000 was contracted for necessary expenses, and being of opinion

that the other purposes for which bonds were to be issued were also for necessary expenses, denied the motion, and the plaintiff excepted and appealed.

*Langston & Allen for plaintiff.*
*D. C. Humphrey for defendant.*

ALLEN, J. The judge of the Superior Court has found as a fact that the indebtedness of $15,000 was contracted for necessary expenses, and we adopt his finding, and has correctly held that the other purposes for which it is proposed to issue bonds fall within the class of necessary expenses.

If so, the law does not require the question of issuing the bonds to be submitted to a vote of the people. *Faucett v. Mount Airy,* 134 N. C., 125; *Hightower v. Raleigh,* 150 N. C., 569; *Water Co. v. Trustees,* 151 N. C., 175; *Bradshaw v. High Point,* 151 N. C., 517; *Underwood v. Asheboro,* 152 N. C., 641; *Hotel Co. v. Red Springs,* 157 N. C., 137; *Murphy v. Webb,* 156 N. C., 402.

The provision in the act as to the rate of interest is in all material respects like the one considered and held valid in *Hotel Co. v. Red Springs, supra.* We have examined the charter of the defendant, and chapter 86, Public Laws of 1911, and find nothing which affects injuriously the validity of the bonds, and are of opinion, upon the whole record, that the defendant has authority to issue the bonds set out in the complaint and answer, and to levy and collect the taxes for the payment of the bonds and the interest thereon.

Affirmed.