CITY OF GASTONIA v. CITIZENS NATIONAL BANK.

(Filed 13 May, 1914.)

1. **Municipal Corporations—Schools—Taxation—Necessaries.**

    Schools and school buildings are not necessary expenses of a municipal corporation, and bonds for that purpose are required to be submitted to the qualified voters of the municipality issuing them.

2. **Municipal Corporations—Bond Issues—Necessaries—Vote of People—Constitutional Law—Statute Invalid in Part.**

    Waterworks, sewerage, and electric lights are, under reasonable circumstances, necessities for which a municipality, acting under the authority of a statute, may issue bonds without submitting the question to the qualified voters of the municipality; and where the statute authorizes such issue, including schools and school buildings, without provision for submitting the question to the qualified voters, leaving the matter of their necessity

to the aldermen of the town, bonds issued under a proper town
ordinance for such of the purposes as are regarded as necessary
are valid, when the provisions of the statute are complied with.

3. Municipal Corporations — Bond Issues—Necessaries—Limitation
of Levy—Interest—Sinking Fund—Constitutional Law.

Where bonds are issued by a municipality, under statutory
authority, for necessary purposes, without provision for a special
levy of taxes to pay the interest or create a sinking fund, and in
the municipal charter there is a limit fixed to the power of levy,
the city has the power to pay the interest on and create a sink-
ing fund for the bonds from its general revenue derived under
the limit fixed to its taxing power, if sufficient; and if not suffi-
cient, the bonds will not be declared invalid, especially at the
suit of one who has purchased with knowledge of the circum-
stances.

APPEAL by defendant from *Adams, J.,* at April Term, 1914,
of GASTON.

Controversy without action.    The purpose of this proceeding
is to determine the constitutionality of, and to construe an act
of the General Assembly, chapter 180, Private Laws 1913, which
reads as follows:

AN ACT TO AUTHORIZE THE BOARD OF ALDERMEN OF THE CITY
OF GASTONIA TO ISSUE BONDS, IN AN AMOUNT NOT EXCEEDING
$100,000, FOR STREET, SIDEWALK, AND HIGHWAY IMPROVE-
MENTS, GRADED SCHOOLS, WATERWORKS, SEWERAGE, AND ELEC-
TRIC LIGHTS.

*The General Assembly of North Carolina do enact:*

SECTION 1.    That for the purpose of grading, paving, and
otherwise improving the streets, sidewalks, and highways of the
city of Gastonia; for erecting new graded school buildings and
making improvements and additions to those already erected;
for the extension of the system of waterworks, sewerage, and
electric lights, the board of aldermen of said city is hereby
authorized and empowered to issue bonds of the said city in an
amount not exceeding one hundred thousand dollars ($100,000),
bearing interest from the date thereof, not exceeding five (5)
per centum per annum, with interest coupons attached, payable

semiannually. That said bonds shall be made payable at such time and place as· may be determined upon by said board of aldermen, but the time of the payment of the principal of said bonds shall be fixed at not more than thirty (30) years. The· bonds shall in no case be sold, hypothecated, or otherwise disposed of by the board of aldermen for less than par value, and the money arising from the sale thereof shall be used for the purposes above stated, and no other, in such proportion for each purpose or object herein named as said board may fix and determine.

SEC. 2. That the said bonds shall be issued whenever said board of aldermen of said city shall declare by an ordinance duly adopted that it is necessary for the public welfare and interest that said bonds shall be issued for the purposes set forth in section 1 thereof.

SEC. 3. That when said board of aldermen shall declare that it is necessary for the public welfare and interest that said bonds be issued, as provided in section 2 hereof, then said board of aldermen shall issue said bonds, and they shall be signed by the mayor, attested by the treasurer of the said city, and sealed with the corporate seal of the city, and said bonds and their coupons shall be exempt from city taxation until they have become due and the coupons shall be received in payment of city taxes.

SEC. 4. That this act shall be in force and effect from and after its ratification.

Ratified this the 1st day· of March, A. D. 1913.

In pursuance of said act, the board of aldermen adopted this ordinance:

SECTION 1. That it is necessary for the public welfare and interest that bonds of the city of Gastonia be issued in the amounts and for the purpose hereinafter set forth.

SEC. 2. That there be issued the negotiable coupon bonds of said city in the aggregate amount of $99,000, consisting of 50 bonds of $1,000 each, numbered 1 to 50, both inclusive, and 98

bonds of $500 each, numbered 51 to 148, both inclusive, which said bonds shall bear date of 1 May, 1914, shall mature 1 May, 1944, without option of prior payment, and shall carry interest at the rate of 5 per centum per annum, payable semiannually on the first days of May and November of each year; such interest to be evidenced by coupons to be attached to said bonds, both principal and interest to be payable at the National Park Bank in the city of New York, State of New York.

SEC. 3. That $74,000 of said bonds, consisting of bonds numbered 1 to 98, shall be issued for the purpose of grading, paving, and otherwise improving the streets and sidewalks of said city, and that $25,000 of said bonds, consisting of bonds numbered 99 to 148, shall be issued for the purpose of extending the system of waterworks, sewers, and electric lights of said city.

The court rendered judgment:

This cause coming on to be heard and being heard at this term of the Superior Court of Gaston County, before his Honor, W. J. Adams, judge, and upon a controversy without action submitted to the court upon an agreed statement of facts, and the court being of the opinion that the said bonds were valid and that the defendant should be required to accept the same:

It is, therefore, ordered and adjudged that the defendant be and is hereby required to accept the bonds mentioned in said agreed statement of facts, and that the plaintiff recover its costs, to be taxed by the clerk.          (Signed)  W. J. ADAMS,
                                                                    *Judge Presiding.*

The defendant appealed.

*Mangum & Woltz for plaintiff.*
*A. L. Bulwinkle for defendant.*

BROWN, J. It is well settled by the decisions of this Court that schools and school buildings are not necessary expenses of a municipal corporation. Our school system is founded in the Constitution, and is largely governed and regulated by laws applicable to the entire State. This subject is fully discussed in *Hollowell v. Borden,* 148 N. C., 256, and cases there cited.

GASTONIA v. BANK.

It is plain, therefore, that so much of the act as authorizes the issue of bonds for "erecting new graded school buildings" is invalid, as the act fails to require a submission to the qualified voters. But that does not necessarily make the entire act invalid.

It is equally as well settled that streets, waterworks, sewerage, and electric lights are necessary expenses of an incorporated municipality, and that a debt may be contracted to pay for them without submitting the proposition to a vote of the electorate. *Hotel Co. v. Red Springs,* 157 N. C., 137; *Jones v. New Bern,* 152 N. C., 64; *Commissioners v. Webb,* 148 N. C., 122; *Fawcett v. Mount Airy,* 134 N. C., 125.

It is true, the act does not declare what proportion of the proceeds of the bonds shall be applied to each specific purpose, but that is wisely left to the sound discretion of the city authorities, and in the exercise of such discretion they have issued $99,000 of bonds for streets, waterworks, sewerage, and electric lights, and have issued no bonds for school purposes.

We fail to see how this invalidates the bonds so issued. *Hotel Co. v. Red Springs,* 157 N. C., 137; *Tyson v. Salisbury,* 151 N. C., 468.

It is further contended that no provision is made for the levy of a special tax to pay the interest on the bonds or for the creation of a sinking fund for their ultimate redemption.

It is stated in the case agreed that the charter of Gastonia limits taxation as follows: "On all real estate and personal property situated in the city, a tax not exceeding one and forty one-hundredths dollars ($1.40) on every hundred dollars value."

It is further stated that there are no other provisions of the said charter of the city of Gastonia providing for the levy and collection of taxes to pay the interest on said proposed issue of said bonds, and to pay the principal or retire the same, and there are no other special or private act or acts of the Legislature in force providing for the levy and collection of taxes to pay the interest on said bonds or to retire the same.

In the case agreed the revenues and expenses of the city of Gastonia are set out with much detail, but it is unnecessary that we discuss that feature of the case.

The city has the undoubted right to pay the interest on these bonds out of its general revenues, if they are sufficient, but its authorities could not exceed the limitations of taxation fixed in the charter without special permission of the General Assembly.

It would seem, from the facts stated in the case agreed, that the present revenues of the city of Gastonia are amply sufficient to pay the expenses of the city and interest on these bonds, and eventually to create a sinking fund; but a bond issue of a city or town for necessary municipal expenses, duly authorized by legislative enactment, is not invalid because at the present rate of taxation an insufficient revenue is obtained for a sinking fund and to pay the annual interest. *Lumberton v. Nuveen,* 144 N. C., 305; *Hotel Co. v. Red Springs, supra.*

Besides, the defendant is held to have had full notice of the terms of the special act under which the bonds are issued, as well as of the charter of the city of Gastonia, its revenues, and ability to pay. The defendant purchased the bonds with full knowledge of all these facts. *Lumberton v. Nuveen, supra.* We see no reason why it should now be relieved from its contract.

The judgment of the Superior Court is

Affirmed.