J. J. COOPER ET AL. v. BOARD OF COMMISSIONERS OF FRANKLIN COUNTY.

(Filed 29 March, 1922.)

**Roads and Highways—Road Districts—Bonds—Taxation—Sinking Fund —Interest—Statutes.**

Where the Legislature has created a special township road district and authorized the county commissioners to issue bonds, and for the purpose, of providing for the "payment of said bonds and the interest thereon, and for the construction, improvement, and maintenance of the roads of said township," to levy a special tax of not less than 25 cents nor more than 75 cents on the $100 worth of property, the act, by the use of the words "to provide for the payment of said bonds," does not authorize a present tax levy for the accumulation of a sinking fund for the retirement of the bonds at their maturity forty years hence, but the bonds are valid. Where the commissioners have levied a tax for the purpose of creating an unauthorized sinking fund, in addition to what is required for the interest, an injunction will lie as to this difference; and the judgment of the Superior Court properly restricted the commissioners to levy a tax sufficient only for the payment of interest.

APPEAL by defendants from *Bond, J.,* at chambers at Louisburg, 15 November, 1921.

This was a proceeding to restrain the defendants from levying a higher rate for general county purposes, the poor fund and pensions, than 15 cents. On the return day of the restraining order the court adjudged that the 21 cents which had been levied on the $100 worth of property for general county purposes, the poor fund and pensions, be reduced so that the aggregate of these three charges be reduced to 15 cents, the right being reserved to the commissioners to redistribute the relative proportion of 15 cents as in their judgment is to the best interest of the county; and it was further adjudged that the levy in Sandy Creek Township for this year, purporting to be 75 cents on the $100 worth of property for road bonds, be "reduced to such ·amount as is required in good faith to pay the interest on said bonds," and that the poll tax levied shall also be reduced to constitutional equation between the poll tax on one side and property tax on the other.

The defendants appealed from so much of the judgment as directed that the levy of 75 cents in Sandy Creek Township for roads this year should be reduced to a sum sufficient to pay the interest on said bonds.

*W. M. Person for plaintiffs.*
*William H. and Thomas W. Ruffin for defendants.*

CLARK, C. J. The error assigned is to the ruling that the levy of taxes in Sandy Creek Township for payment on road bonds this year should be limited to the levy of a sum sufficient to pay the annual interest on the bonds. This is levied in a special taxing district after an election held under a special act of the General Assembly constituting . said taxing district and creating the township road commission a corporation, with special powers and duties.

Chapter 173, Public-Local Laws 1919, created said taxing district and the township road commission for said township a corporation imposing upon it special powers and duties. Under the power thus conferred, the road commission issued and sold $50,000 of road bonds to run 40 years, and received and expended the proceeds thereof in the construction of roads. Upon the sale of said bonds the duty was imposed on the township road commission to levy a tax sufficient to pay the annual interest (but not to provide for a sinking fund) and the construction of roads not to exceed the limit voted by the citizens of the township, the maximum authorized being 75 cents on $100 worth of property. Section 10 of said act provides: "For the purpose of providing for the payment of said bonds and the interest thereon and for the construction, improvement, and maintenance of the roads of said township, the board of county commissioners of the said county shall an-

nually, and at the time of levying county taxes, levy and lay a special tax on all persons and property subject to taxation within the limits of said township of not less than 25 cents and not more than 75 cents on the $100 worth of property."

The question presented is whether under the authority to provide for "the payment of said bonds and the interest thereon, and for the construction, improvement, and maintenance of roads of said township," the board of county commissioners can levy a tax not only to provide for the construction, improvement, and maintenance of the roads of said township and for the payment of the interest accruing on the bonds issued therefor, but whether it authorized the commissioners to levy an additional amount to accumulate a sinking fund to pay the principal not yet due. The act does not authorize the creation of a sinking fund, and that proposition was not submitted to a vote of the people of the township.

In *Lumberton v. Nuveen,* 144 N. C., 303, the act provided that the commissioners "shall levy a special tax sufficient to provide for the interest and a sinking fund."

The defendants rely upon *Hotel Co. v. Red Springs,* 157 N. C., 137, where it was held that an act authorizing a municipality to issue bonds for water and sewerage system was not invalid because at the present rate of taxation there was not sufficient revenue to raise the sinking fund to retire the bonds at maturity. The court held that the Legislature could subsequently increase the tax rate for that purpose or it might become unnecessary by reason of the growth of the town and the increase in taxable property.

In *Gastonia v. Bank,* 165 N. C., 507, it was held that where the bonds were issued by a municipality under statutory authority for necessary purposes without provision for a special levy of taxes to pay the interest and to create a sinking fund, the city has the power to pay the interest and create a sinking fund for the bonds if the general revenue derived under the limit fixing its taxing power is sufficient; and if not sufficient, the bonds will not be declared invalid on that account.

In these decisions it is not held that there is any authority to levy a tax sufficient to create a sinking fund when the act does not so specify, but merely that the bonds are valid without it.

On the contrary it was expressly held in *Comrs. v. McDonald,* 148 N. C., 125: "When bonds are issued by a county by popular vote under legislative authority, which does not further provide for a levy to exceed the constitutional limitations for principal, interest, or for a sinking fund, the commissioners are without authority to levy a tax to exceed the restriction." This case has often been cited since with approval. See citations to that case in the Anno. Ed.

COOPER *v.* COMRS.

As suggested in *Hotel Co. v. Red Springs, supra,* the Legislature may have thought proper to leave the collection of taxes for the sinking fund to some future Legislature, and it is a very doubtful question whether the creation of a sinking fund for that purpose is sound public policy for, as counsel for the plaintiffs observed, a "sinking fund has very often proven to be a sunken fund," and it is also doubtful whether in the present financial condition of the country and the pressure of high taxes it is advisable to anticipate the payment of the principal of this indebtedness by the collection of a fund at the present day, which (if not lost) shall meet the payment of the principal at some future day when the people of the township at the maturity of the bonds will be far more numerous and better able financially to meet that payment, if they do not prefer to renew the bonds. It is said that no part of the bonded indebtedness of this State has ever really been paid, but has always been renewed from time to time at maturity of the indebtedness.

But at any rate, the language of the statute, section 10, provides: "That for the purpose of providing for the payment of said bonds and the interest thereon, and for the construction, improvement, and maintenance of the roads of said township, the board of county commissioners of the said county shall annually, and at the time of levying county taxes, levy and lay a special tax on all persons and property subject to taxation within the limits of said township of not less than 25 cents and not more than 75 cents." To same purport are sections 9 and 15 of the act. The purpose for which the levy of said tax is specified to be the construction, improvement, and maintenance of the roads of said township. The act provides that the taxation shall be used to provide for the payment of said bonds, but this means at maturity and is not a requirement that taxes shall be levied now sufficient in amount to provide for the creation of a sinking fund in anticipation of the maturity of the bonds. The interest is to be paid each year as it falls due, nor can the principal be called for until due. Its payment is to be met when the bonds become due, and not at the present time, long years before their maturity. When the bonds fall due, 40 years from date, the wealth of the township may be such as to make the tax sufficient for the payment of the principal. The people of that day—40 years hence—can better take care of their own affairs than this generation. They may see fit to renew the bonds as the State and many other municipalities have done heretofore, or they may pay them as they may see fit.

If the Legislature had intended that the levy should be sufficient not only to provide for the purposes named in the act, "the interest on the bonds and the construction, improvement, and maintenance of said roads," but there should be a levy yearly to accumulate out of this

generation a fund sufficient for the payment of the principal of the bonds 40 years hence, it would doubtless have adopted a plan now recognized as far safer than a sinking fund of issuing "serial bonds" so that some of the principal shall fall due and be paid each year.

"Without legislative authority a sinking fund could not bë created," *Hightower v. Raleigh,* 150 N. C., 571; *Jones v. New Bern,* 152 N. C., 65; nor can a tax be levied even to pay interest unless so specified and authorized, though this would not make the bonds invalid. *Underwood v. Asheboro, ibid.,* 642; *Pritchard v. Comrs.,* 160 N. C., 479; *Jackson v. Comrs.,* 171 N. C., 382. In *Proctor v. Comrs.,* 182 N. C., 56, the creation of a sinking fund was required by the act.

The Legislature has not seen fit in this act by the device of serial bonds to provide for the levy of taxes to pay any part of the bonds each year, and as the creation of a sinking fund is not named as one of the purposes authorized by the statute or by vote of the people, we think his Honor was correct in restricting the taxes to be levied to the purposes named in the act and held that the levying purporting to be "75 cents on the $100 worth of property for the purpose of paying bonds should be reduced to such an amount as is required in good faith to pay the interest on said bonds." In this case neither the statute nor the popular vote authorizes a sinking fund. The bonds are valid, but no levy can be made to create a sinking fund.

Affirmed.

HOKE, J., dissenting: I dissent from so much of the opinion as denies the power to levy a tax for a sinking fund, the amount being within the 75 cents authorized by statute and approved by the voters. I am of opinion that there is ample power conferred to levy this tax in question, and that the same is being providently exercised by the commissioners.

In the cases cited, so far as examined, no power to levy a special tax existed.