STATE ex rel J. M. TATE v. THE BOARD OF COMMISSIONERS
OF HAYWOOD COUNTY.

(Decided May 24, 1898.)

*Mandamus—Counties—Legislative Control of Counties
—Compulsory Road Improvement—Public Roads—
Taxation.*

1. Counties are but State agencfes and subject to legislative authority
   which can direct them to do as a duty all such matters as it can
   empower them to do.

2. The Constitution does not require that, in the exercise of its police
   power, the Legislature shall require its regulations to be uniform
   throughout the State; and, hence, the General Assembly may re-
   quire public roads in one county to be improved by taxation and
   those in other counties by a different method.

3. Working the public roads is a necessary county expense and, hence,
   under Section 6, Art. V of the Constitution the County Com-
   missioners when authorized or commanded to do so, may levy a
   tax in excess of the costitutional limit for the purpose of road
   improvement without the sanction of a popular vote.

CIVIL ACTION pending in HAYWOOD Superior Court
and heard before *Hoke, J.*, at CHAMBERS in Asheville on
22rd March, 1898. The nature of the action and the
essential facts appear in the opinion. It being admitted
that the defendants had on the first Monday of June,
1897, levied taxes for general State and county pur-
poses up to the Constitutional limit, his Honor denied
the plaintiff's application for a *mandamus* and plaintiff
appealed.

*Mr. Geo. H. Smathers* for plaintiffs (appellants).
*Mr. W. T. Crawford* for defendants.

CLARK, J.: This is an action brought to compel the
defendant, County Commissioners, by *mandamus*, to

levy a tax for road purposes as provided by Chapter 249, Acts of 1897.

The first Section of the Act reads as follows: "That the Board of County Commissioners of Haywood County, shall, in order to provide for the proper working and constructing of the public roads of said County of Haywood, at their regular meeting in June, 1897, and at each regular annual meeting thereafter, and it is hereby made their duty, to levy a special tax on all property subject to taxation under the State law, in said county of not less than 10 cents nor greater than 20 cents on the $100 worth of property and not less than 30 cents nor greater than 60 cents on the poll, the constitutional equation to be observed at all times, said taxes to be collected as all other taxes are, to be kept separate in the tax book of the county, to be set aside as a special road fund to be used in the construction, improvement, and maintenance of the public roads, culverts and bridges of the county of Haywood, and the purchase of such implements, teams, wagons, camp outfit, quarters, or stockade for the use and safe keeping of the convict force as may be found necessary in the proper carrying on of this work."

The Act is explicit and mandatory. The defendants contend that the Act is unconstitutional (1) Because, while the Legislature may authorize and empower the county commissioners to levy the special tax for a special purpose it cannot direct or order them to do so. This contention is unfounded. Counties are but agencies of the State government. *White* v. *Commissioners*, 90 N. C., 437. They can be created, changed (*Dare* v. *Currituck*, 95 N. C., 189) or abolished (*Mills* v. *Williams*, 33 N. C., 558) at the legislative will. The names of no less than 14 counties, formerly existing have disappeared

from the map of the State. They are subject to legislative authority which can direct them to do as a duty all such matters as they can empower them to do. *Harriss v. Wright*, 121 N. C., 172; *McCormac v. Commissioners*, 90 N. C., 441. *Brodnax v. Groom*, 64 N. C., 244, in no wise militates against this. It merely holds that as to those matters which the statute has legally committed to the discretion of the county commissioners the courts cannot interfere to restrain or supervise the exercise of that discretion. But this is no authority that the law-making power cannot restrict the authority it confers upon the county commissioners by making the manner of working the roads mandatory in any county.

(2) It is further objected that it is unconstitutional for the Legislature to provide that the roads of one county shall be worked by taxation while others are worked in another method. There is nothing in the Constitution which hampers the Legislature by requiring that in the exercise of its police powers its regulations must be uniform throughout the State. *Brown v. Commissioners*, 100 N. C., 92. It would be exceedingly unfortunate if there was. A mode of working the roads, or regulations as to selling liquor, or the total prohibition of it, or provisions as to fence laws, or the sale of seed cotton or inspection of fertilizers or of cattle which would be highly advantageous in one county might be very inconvenient or obnoxious in another. Accordingly, such statutes of local application have been time and again enacted and have always been sustained by the Court. One of the latest cases, citing many authorities, is *Guy v. Commissioners*, at this term.

(3) That this road tax, added to the taxation levied for ordinary county purposes will cause the total State and county tax to exceed the constitutional limitation,

TATE *v.* COMMISSIONERS.

and, further, that this tax was not authorized by a vote of the people of the county. The same point was raised in *Herring* v. *Dixon*, at this term. The authorities were there cited and their ruling was thus summed up:

*A.* For necessary expenses, the county commissioners may levy up to the constitutional limitation without a vote of the people or legislative permission.

*B.* For necessary expenses, the county commissioners may exceed the constitutional limitation by special legislative authority, without a vote of the people. Constitution, Article V, Section 6.

*C.* For other purposes than necessary expenses, a tax cannot be levied either within or in excess of the constitutional limitation except by a vote of the people under special legislative authority. Constitution, Article VII, Section 7.

Working the roads has uniformly been held a necessary county expense (*Herring* v. *Dixon, supra*) and this levy is not only authorized by special legislative authority but is commanded. Hence no vote of the people is required and the constitutional limitation does not apply. "Upon the admissions and facts stated in the pleadings" the *mandamus* should have issued, and judgment will be so entered here.

Reversed.