THE HIGHWAY COMMISSION OF VALLEYTOWN TOWNSHIP
v. C. A. WEBB & CO.

(Filed 27 May, 1910.)

**1. Municipal Corporations—Bond Issues—Necessary Improvements —Legislative Restrictions—Constitutional Law.**

The Legislature has the constitutional power and authority to prescribe the terms and conditions upon which municipal corporations may enter into a contract by which a debt is incurred and limit the amount to such sum as it deems necessary; and having done so, the municipality is without power to exceed the amount of the indebtedness prescribed by the act.

**2. Same—Highway Commissioners.**

A highway commission having been authorized by a legislative act to improve the roads of its township, and, for that purpose, to issue coupon bonds of the township "for an amount sufficient, not exceeding $25,000," cannot issue an additional amount of bonds for the necessary purpose of completing the work undertaken, without authority from the Legislature to do so.

APPEAL by plaintiff from *Joseph S. Adams, J.,* at the Spring Term, 1910, of CHEROKEE.

The facts are sufficiently stated in the opinion of the Court.

*Dillard & Bell* and *T. H. Calvert* for plaintiff.
No counsel for defendant.

WALKER, J. This case was submitted to the court below as a controversy without action, under the statute, to determine the validity of certain bonds proposed to be issued by the plaintiff, and which the defendants had contracted to purchase. They refused to pay for the bonds, upon the ground that the plaintiff had no power to issue them, and that, therefore, when issued they would be invalid. It appears from the case agreed that the plaintiff was incorporated by Laws 1905, ch. 210, and was vested with all the powers, rights, duties and authority of the board of county commissioners with respect to the public roads of Valleytown Township. By Laws 1909, ch. 237, the plaintiff was authorized to improve and macadamize the public roads of the said township, and for that purpose it was authorized to issue coupon bonds of the township "for an amount sufficient, not exceeding $25,000, to pay the necessary expenses of constructing and improving and macadamizing the public roads in the township, and to sell the same publicly or privately, at not less than their par value." Bonds to the amount of $25,000 were issued in accordance with the terms and provisions of the act of 1909, and were sold by the commission and the proceeds applied

in constructing, improving and macadamizing the public roads in the township; but it was found that the amount realized from the sale of the bonds, namely, $25,000, was not sufficient to carry out the scheme of improvement contemplated by the commission. It was thereupon decided that additional bonds be issued to an amount not exceeding $75,000, and the defendants contracted to buy the same.

The question, therefore, is whether the commission has the power, under the law, to issue any additional bonds without the special approval of the Legislature. This question has been so recently decided, after a thorough investigation and full discussion by this Court, that it would seem to be now well settled that no such power resides in the commission. While the expense of improving and macadamizing the public roads may be conceded, for the sake of argument, to be a necessary expense, we held in *Wadsworth v. Concord,* 133 N. C., 587, that wherever the debt of a municipality is to be incurred, even for a necessary expense, it is within the province of the Legislature to prescribe the terms and conditions upon which municipal corporations may enter into a contract by which such a debt is incurred. This principle was approved in *Davis v. Fremont,* 135 N. C., 538. We recognized the correctness of the principle in the case of *Wharton v. Greensboro,* 149 N. C., 62. In the recent case of *Burgin v. Smith,* 151 N. C., 561, the subject was fully discussed by *Mr. Justice Manning,* and it was held by the Court that where the right to incur a debt, even for a necessary expense, was limited to a certain amount by an act of the Legislature, that amount could not be exceeded where the contract was an entire one; and we further held that the Legislature had the constitutional power to restrict or limit the amount of indebtedness to be incurred by a county or municipality, even for a necessary expense. The Court cited and approved *Hightower v. Raleigh,* 150 N. C., 569, in which we held that, "while it is within the province of the Court to determine what are necessary public buildings, and what classes of expenditure fall within the definition of necessary expenses of a municipal corporation, the authority for determining the kind of building which is needed, or what would be a reasonable cost for it, is not within the purview of the judicial authority, but is vested in the Legislature and the municipal authorities, and not in the courts."

We have held at this term, in *Ellison v. Williamston, ante,* 147, that the Legislature has the power to restrict the authority of a municipality to issue bonds. The case of *Burgin v. Smith* was approved, and it was said by *Mr. Justice Hoke,* when referring to the previous decisions of this Court upon the ques-

tion now presented, that where the limit as to the amount of bonds is fixed by the Legislature in the act authorizing them to be issued by the municipality, the latter cannot exceed that limit without further legislative sanction. It may be said generally that in all such cases the Legislature has plenary power to control the action of the municipalities in this State in the creation of any indebtedness, even for necessary expenses, and there is nothing in the Constitution which is in conflict with this statement of the law. When that instrument is read as a whole, it appears to have been the intention that the Legislature should have complete control and authority in such mat-· ters. We do not mean to say that the special approval of the General Assembly is required in order that a municipality may contract a debt for necessary expenses, but only to decide that where the Legislature does take action and restrict the right of a municipality to contract a debt, even for necessary expenses, by limiting the indebtedness to a certain amount, it is only exercising power which is clearly recognized by the Constitution.. There was no ·error in ·the ruling of the court, by which its decision was given against the plaintiff upon the case agreed.

Affirmed.