W. H. PRITCHARD v. BOARD OF COMMISSIONERS OF ORANGE COUNTY ET AL.

(Filed 20 November, 1912.)

1. Cities and Towns — Bond Issues — Statutes — "Aye" and "No" Vote—Separate Readings—Constitutional Law.

While the bonds issued by Orange County for road purposes under chapter 600, Public-Local Laws of 1911, are for necessary expenses, yet if the act was not passed in conformity with Const., Art. II, sec. 14, the county commissioners are not authorized to levy a tax in excess of the constitutional limitation with which to pay interest and provide for a sinking fund. *Analysis* of the constitutional requirements for the levying of taxes by a county for necessary and other expenses by CLARK, C. J., under this article and under Article V, sec. 6, and Article VII, sec. 7.

PRITCHARD *v.* COMMISSIONERS.

### 2. Same—Prior Statutes—Interpretation of Statutes.

An act which has been regularly passed, upon separate days, with the "aye" and "no" vote required by Article II, sec. 14, of the Constitution, authorizing the levying a tax for the purpose of working the public roads, cannot be construed in connection with an act passed for issuing bonds for road purposes, not passed as required by this section of the Constitution, so as to authorize a tax levy in excess of that limited by the Constitution. *Commissioners v. Commissioners,* 157 N. C., 514, cited and distinguished.

APPEAL by defendants from *Whedbee, J.,* at August Term, 1912, of ORANGE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Manning & Everett for plaintiff.*
*Frank Nash for defendants.*

CLARK, C. J. This is a motion to amend the opinion and judgment rendered in this cause at this term (159 N. C., 636) so as to adjudge that the defendant commissioners have authority to levy a special tax to pay interest and provide a sinking fund to pay said bonds at their maturity.

The purchaser of the bonds has objected that while chapter 600, Public-Local Laws 1911, authorized bonds which were a valid indebtedness of the county, the county commissioners were not authorized to levy special taxes in excess of the constitutional limitation, because said act was not passed in the manner prescribed by Constitution, Art. II, sec. 14. *Commissioners v. McDonald,* 148 N. C., 125.

The requirements of the Constitution have often been summed up and are as follows:

1. For necessary expenses, the county commissioners may levy up to the constitutional limitation without a vote of the people or legislative permission.

2. For necessary expenses, the county commissioners may exceed the constitutional limitation by special legislative authority without a vote of the people. *Constitution, Art. V, sec. 6.*

3. For other purposes than necessary expenses, a tax cannot be levied either within or in excess of the constitutional limitation, except by vote of the people under special legislative authority. *Constitution, Art. VII, sec.* 7.

The above summary and analysis first laid down in *Herring v. Dixon,* 122 N. C., 420, has been quoted *verbatim* and incorporated in *Tate v. Commissioners, ib.,* 815; *Smathers v. Commissioners,* 125 N. C., 488; *Cotton Mills v. Waxhaw,* 130 N. C., 298; *R. R. v. Commissioners,* 148 N. C., 251.

Admitting the objection to chapter 600, Public-Local Laws 1911, is valid, the defendants contend that the defect is cured by Laws 1903, ch. 486, sec. 9, which reads as follows: "The county commissioners of Orange County are hereby authorized and empowered to levy a special road tax for any township or road district in said county not exceeding one dollar on the hundred dollars of property and three dollars on the poll, always maintaining the constitutional equation between property and poll, and may levy a different rate in each township." This last act was passed in entire conformity to the requirements of Constitution, Art. II, sec. 14.

It is true, also, that the Legislature can enlarge a town or county or road district without the act complying with Article II, sec. 14. *Lutterloh v. Fayetteville,* 149 N. C., 65; *Trustees v. Webb,* 155 N. C., 379; *Commissioners v. Commissioners,* 157 N. C., 514. But the act of 1903 was an act to work the roads by taxation, and did not contemplate issuing bonds. The "special road tax" therein authorized was for payment of that expense and not for payment of interest and bonds. The act of 1911, ch. 600, Public Laws, contemplated a "change from a township to a county system," but it also contemplated a bond issue of $250,000, which was not in the purview of the act of 1903.

The "special road tax" in the act of 1903 for working the roads cannot be held authority to exceed the constitutional limitation for payment of principal or interest of the $250,000 bonds authorized by the act of 1911. The special legislative authority required by Constitution, Art. V, sec. 6 (see paragraph 2 of analysis above), must be conferred in the manner required by Constitution, Art. II, sec. 14. As the General Assem-

bly will be in session in a few days, this will not entail much delay. The bonds are nevertheless a valid tender. *Hotel Co. v. Red Springs,* 157 N. C., 140; *Underwood v. Asheboro,* 152 N. C., 641; *Jones v. New Bern, ibid.,* 64; *Commissioners v. McDonald,* 148 N. C., 125.

Motion denied.