COMMISSIONERS OF YANCEY COUNTY v. ROAD COMMIS-
SIONERS OF YANCEY COUNTY.

(Filed 27 May, 1914.)

**Municipal Corporations—Road Commissioners—Bond Issues—Constitutional Law—Senatorial Courtesy.**

Constitutional authority is conferred on the Legislature by Article VII, secs. 2 and 14, to create a public road commission of a county and invest these commissioners with the same powers conferred on the county commissioners with reference to pledging the faith and credit of the county for public road purposes which are conferred on the county commissioners by Article VII, sec. 7, of our Constitution; and as such purposes are held to be for necessary expenses of the county, and an issuance of bonds therefor has been authorized by statute, it is not required for the validity of the bonds that the question of their issuance has been submitted to the qualified voters of the county and has received the approval of a majority thereof. The objection that by "senatorial courtesy" this would practically put the power in the hands of a representative of a county to pledge its faith and credit, cannot properly be addressed to the courts.

APPEAL by plaintiff from *Cline, J.,* at April Term, 1914, of YANCEY.

*J. W. Pless and R. W. Wilson for plaintiff.*

*J. Bis Ray, Johnston & Hutchins and Hudgins, Watson & Watson for defendant.*

CLARK, C. J. This is an action to declare chapter 603, Public-Local Laws 1913, unconstitutional and void. That statute provides for the appointment of three commissioners, named in the act, who shall be road commissioners for Yancey County and who shall be vested with the supervision of the roads which was formerly exercised by the county commissioners, with authority to issue bonds in the sum of $150,000 to build roads. The routes for the roads and their character are expressed in the act. Under authority of the statute, the commissioners organized as the board of road commissioners for Yancey County and have sold to a firm in Ohio $125,000 of the road bonds of Yancey County, issued in pursuance of the statute, and had in their possession at the time this action was begun $83,000 of the proceeds. In pursuance of the act of the General Assembly, the defendant board has contracted for about 11½ miles of road through the center of the county, over which the defendant claims that at least 90 per cent of the citizens of the county travel, and this road is now being constructed.

The complaint prays that the act be declared unconstitutional; that the defendant be restrained from expending any further part of said money or incurring any obligation, and that the fund now in hand be delivered to the treasurer of the county, with instructions to restore the same to the holders of said bonds, which shall be taken up and canceled, and that the county commissioners of Yancey be restored to their rights as road supervisors of Yancey County.

The State Constitution, Art. VII, sec. 7, provides: "No county, city, town, or other municipal corporation shall contract any debt, pledge its faith or loan its credit, nor shall any tax be levied or collected by any officer of the same, *except* for the *necessary expenses* thereof, unless by a vote of the majority of the qualified voters therein." Chapter 603, Laws 1913, vests the road commissioners of Yancey County with the same au-

thority for the issuing of bonds for public roads that the county commissioners formerly had, and this Court held in *Vaughn v. Commissioners,* 117 N. C., 434, that "The building of bridges and construction of public roads are necessary expenses of the county." This decision was approved in *Burgin v. Smith,* 151 N. C., 567.

In *Vaughn v. Commissioners, supra,* the Court held that building bridges and constructing public roads is one of the necessary expenses of the county, and the courts "have no authority to control the exercise of the discretionary power vested in the commissioners," as to the nature of the work, or to determine "what would be a reasonable limit to the cost." In the same case it is said: *"Chief Justice Pearson,* speaking for the Court, says: 'The people must rely upon the honesty of the members of the General Assembly and of the persons elected to fill places of trust in the several counties. The Court has no power, and is not capable if it had the power, of controlling the exercise of power conferred by the Constitution upon the legislative department of the Government, or upon the county authorities.'"

In *Hightower v. Raleigh,* 150 N. C., 571, *Brown, J.,* says: "While it is within the province of the courts to determine what are necessary public buildings and what classes of expenditures fall within the definition of the necessary expenses of a municipal corporation, the authority of determining the kind of building that is needed, or what would be a reasonable cost of it, is not within the purview of the judicial authority. It is vested in the Legislature and in municipal authority, and not in the courts."

In *Highway Commission v. Webb,* 152 N. C., 710, the board of highway commissioners for Valleytown Township in Cherokee had been created by chapter 210, Laws 1905, with powers similar to those conferred upon the defendant in this action. The Court in that case held that such highway commissioners could not issue additional bonds in violation of the act of the General Assembly, but it recognized, tacitly at least, the authority conferred upon the board by the statute.

COMMISSIONERS *v.* COMMISSIONERS.

In *Trustees v. Webb,* 155 N. C., 383, *Hoke, J.,* sustaining an act of the same purport as that under which the defendant board has acted, says: "In the exercise of the ordinary governmental functions they are simply agents of the State, constituted for the convenience of local administration in certain portions of the State's territory, and in the exercise of such function they are subject to almost unlimited legislative control except when restricted by the constitutional provision." In the same case (at p. 387) it is said: "It is no objection to this legislation that the issuing of the bonds and the control and ordering of road work are given to the local authorities, while the county commissioners are directed to levy and collect the taxes." In that case and in *Highway Commission v. Webb,* 152 N. C., 710, the Court decided that the Legislature has the authority to create a board of road commissioners and vest them with the authority over the roads that the county commissioners had theretofore possessed.

The State Constitution, Art. VII, sec. 2, provides: "It shall be the duty of the commissioners to exercise a general supervision and control of the penal and charitable institutions, schools, roads, bridges, levying of taxes and financing the county, as *may be prescribed by law.*" It will thus be seen that the jurisdiction of the county commissioners in these matters is subject to regulation in the discretion of the Legislature. Besides, section 14 of that article of the Constitution provides: "The General Assembly shall have full power by statute to modify, change, or abrogate any and all of the provisions of this article and substitute others in their place, except sections 7, 9, and 13."

The plaintiff strenuously contends that practically, owing to what is called "senatorial courtesy," this relegates to the control of one man—the member of the Legislature from the county—and of the Senator, if there happens to be one, the control of the county government, and that $150,000 for public roads is an excessive amount and oppressive in a small county like Yancey. But this is not a matter over which this coördinate department has any control. If the result is bad, the rem-

edy is to be found in the power of public opinion either in controlling the conduct of such members or in electing successors who will cause the objectionable legislation to be repealed or modified. The courts do not have supervisory power over the General Assembly, or over the county officials when acting within the authority lawfully conferred upon them by the Legislature.

If there were allegation and proof that the defendants, or any other public officials, were acting dishonestly, or so extravagantly or recklessly as to amount to an abuse of the authority conferred upon them, the courts might by injunction in such case restrain the alleged illegal acts until a jury could pass upon the issues of fact; but the courts cannot interfere with such powers as are conferred upon the defendants by the statute in this case, which, as we have held, were within the power of the General Assembly.

The court properly held that the statute was within the legislative authority, and refused to restrain the defendant board from acting within the scope of the powers conferred by chapter 603, Laws 1913.

Affirmed.