## HIGHWAY COMMISSION OF FRANKLIN TOWNSHIP
### v. MALONE & CO.

(Filed 27 May, 1914.)

1. **Municipal Corporations—Township Bonds—General Authority—Limit Prescribed.**

   An act providing for the issuance of township bonds for road purposes authorizing an issuance not to exceed at any one time an amount equal to 10 per cent of the taxable value of the property of the township, is a general and valid authority for an issuance of any amount of bonds, at various times for the purpose, within the limit prescribed, which may vary from year to year in accordance with the value of the taxable property therein.

2. **Municipal Corporations — Township Bonds — Interest — Sinking Fund—Purchaser with Notice—Contracts.**

   A purchaser of municipal bonds is fixed with notice of the provisions of the act under which they are issued, and may not repudiate the terms of his agreement to purchase them on the ground that the payment of interest and the creation of a sinking fund had not therein been provided for. In this case, however, it is held that the act provides for the interest and for a sinking fund from the moneys to be collected for that purpose.

3. **Municipal Corporations — Township Bonds — Statutes — Amendments—Authority Suspended—Interpretation of Statutes.**

   The Legislature passed an act authorizing the issuance by a township of bonds for road purposes, and passed an amendment

166—1

thereto, at a subsequent session, that the former act should not be effective until the bonds shall have been issued and placed on the market at a fixed future date: *Held,* the power to negotiate the bonds was not suspended by the amendment, which carried with it the power to sell and deliver, at which time the provisions of the former act becomes effective, if the bonds have been issued and placed on the market within the time fixed therefor.

APPEAL by defendant from *Carter, J.,* at Spring Term, 1914, of MACON.

This is a controversy without action, submitted under section 803 of the Revisal of 1905, to determine the validity of $30,000 thirty-year 6 per cent road bonds by Franklin Township, Macon County.

Chapter 197, Public-Local Laws 1913, created the highway commission of Franklin Township, and authorized it to issue bonds generally, and not to a specific amount, after a favorable election, provided that the amount of bonds outstanding should at no time exceed 10 per cent of the value of the taxable property in the township. The amount of bonds to be issued is thus left indefinite, with merely an outside limit varying from year to year, as the assessed valuation might vary.

The highway commission attempted to issue $30,000 of the bonds, and entered into a contract with the defendants for the sale thereof. The defendants now decline to accept and pay for said bonds, contending that, when the same are issued, they would not constitute the valid and binding obligations of Franklin Township, for three reasons, towit:

(1) That chapter 197, Public-Local Laws 1913, contains no provision for the levying of taxes to create a sinking fund or pay for the bonds at maturity.

(2) That sections 2 and 3 of chapter 6, Public-Local Laws, Extra Session, 1913, imposed such limitations and restrictions upon the highway commission as to render the attempted issue invalid.

(3) That said sections 2 and 3 of said chapter 6 deprive the highway commission of all its powers and duties conferred upon it by chapter 197, Public-Local Laws 1913, except the mere

naked right to negotiate a sale of the bonds, and strip it absolutely of any authority to execute and deliver the bonds.

Upon the failure of the defendants to accept and pay for the bonds, this proceeding was instituted in the Superior Court of Macon County. The matter was heard before his Honor, Judge Carter, and from a judgment in favor of the plaintiff, the defendants appealed.

*T. J. Johnston for plaintiffs.*
*Charles N. Malone for defendants.*

BROWN, J. The first contention of the defendants cannot be sustained. The statute authorizing the issue of the bonds especially provides that for the purpose of paying the interest thereon as it falls due, the commissioners of the county are directed to levy an annual tax sufficient in amount for the purpose of paying the said interest, and that said funds shall be kept separate and distinct for the purpose aforesaid, and no other.

Another section, 31, provides that so much of the taxation levied each year as may not be required to pay the interest on the bonds shall constitute a sinking fund for the payment at maturity of the principal of the bonds.

It is well to say in respect to this contention, as has heretofore been said by us, that where bonds are sold and purchased under a contract, as in this case, it is the purchaser's duty to look to the provisions of the act securing the payment of the interest on the principal of the bonds. The purchaser has been fixed with that knowledge of the provision of the act, and buys accordingly. *Gastonia v. Bank,* 165 N. C., 507.

The other questions raised by the defendant are as to the effect of chapter 6, Public-Local Laws, Extra Session, 1913, secs. 2 and 3 providing as follows:

"SEC. 2. That unless and until the bonds provided for by chapter 197 of the Public-Local Laws of 1913 shall have been issued and placed on the market, said chapter shall not in any respect be in force in Franklin Township. That the duties of the members of the highway commission of Franklin Township,

together with all remuneration, shall cease and determine upon the passage of this act, except they may negotiate for the issue and sale of the bonds therein provided for. When the said bonds are sold, then chapter 197 of the Public-Local Laws of 1913 shall be in force and shall apply only to the roads in Franklin Township to be macadamized, etc., by the highway commission.

"SEC. 3. That unless the bonds provided for by said chapter 197 of the Public-Local Laws of 1913 shall have been issued and placed on the market on or before 1 September, 1914, all rights and powers under said chapter to issue bonds shall cease and determine."

We fail to see how this act can in any respect affect the validity of the bonds in question. The object and meaning of this statute is quite plain. Its purpose is to suspend the operation of the statute until the bonds are sold, and when they are sold the original act under which they are issued shall be in full force and effect.

The power to negotiate the bonds is not suspended, but continues in the highway commission, and that power carries with it the power to sell and deliver. 23 A. and E. Enc., 285.

When the bonds have been sold, all the powers conferred by the original statute are in full force. All rights and liabilities under it are preserved.

We do not think there is any merit in the contention that the highway commission can issue nothing less than bonds equal to the full 10 per cent of the assessed valuation of the taxable property of the township, in view of the explicit language of the statute, that the amount to be issued shall not exceed 10 per cent of all said valuation.

Under this act, we are of opinion that the commission has full power to issue any part of the bonds provided by it, not exceeding the limitation of 10 per cent of the assessed tax valuation. It is not contended that the contemplated issue of $30,000 in bonds exceeded that limitation. Section 3 of the special session's act can have no effect whatever, because the bonds have already been issued prior to 1 September, 1914.

CAUSEY v. R. R.

The question of necessary expense, as constitutional authority for issuing the bonds, does not arise in this case, as an election was held and the qualified voters almost unanimously voted for the issue.

The judgment of the Superior Court is

Affirmed.