BROWN, J., dissenting.
The plaintiffs, residents and taxpayers of Davidson County, brought this action to test the validity of an act ratified 27 February, 1915, creating the board of road commissioners of Davidson County, and authorizing the issue of $300,000 of bonds to construct and maintain the roads of said county. The act confers on said board sole control over the roads of said county and other powers set out in said *Page 718 
act. The complaint does not allege that the act was not regularly passed nor that the requirements of the Constitution, Art. II, sec. 14, were not in all respects complied with. Indeed, the regularity of the passage of the act is shown by the certificate of the Secretary of State to copies of the act and the entries on the Journals of the General Assembly relating to the enactment thereof.
The questions presented in this case are almost identical with those considered in Comrs. v. Comrs., 165 N.C. 632, in which a similar act was upheld. In that case, and also in Trustees v. Webb, 155 N.C. 379;Pritchard v. Comrs., 159 N.C. 636, affirmed on rehearing, 160 N.C. 476;Tate v. Comrs., 122 N.C. 812; Herring v. Dixon, ibid, 420, and in other cases, this Court has held that the construction and maintenance of public roads are a necessary public expense, and that the General Assembly may provide for construction and working the same and may create a board to do this, distinct from the county commissioners, and fix and authorize the levy of taxes for that purpose, as in this act, without a vote of the people. We know of no reason to question the correctness of those decisions.
(628) It is objected by the plaintiffs:
(1) That the act takes the entire management of the public roads from the county commissioners.
(2) That it abolishes the existing township road boards and turns the property of such boards over to a county board created by this act.
(3) That it provides for the election of successors, at expiration of term of office of the board named in the act, by the surviving members.
(4) That there is no limit of time for continuance of the act.
(5) That nobody is given authority to supervise the acts of the board.
(6) That the provisions of the act for condemning land are not sufficient, and are illegal.
All the propositions thus relied upon have been held insufficient to invalidate the action of the General Assembly in the cases above cited.
The plaintiffs, in their brief, concede that the working and construction of public roads are necessary expenses, and that the creation of debt by the issuance of bonds for that purpose is not required to be submitted to a vote of the people under the provisions of the Constitution, Art. VII, sec. 7, citing Vaughn v. Comrs., 117 N.C. 434; Comrs. v. Comrs.,supra, and cases therein cited, and the still later case, HighwayCommission v. Malone, 166 N.C. 1.
The plaintiffs, however, contend that the act now before us does not sufficiently safeguard the rights of the citizen as to the assessment of damages for land taken by the road commission in improving the roads. That question cannot be raised in this case, but objection should be made *Page 719 
by the party in interest, the landowner, when the occasion occurs, and should the objection be sustained it would in no wise affect the validity of the statute as a whole, nor would it justify this injunction sought against the issuance of the bonds or to restrain the road commission from discharging the duties imposed on them by the act of the General Assembly.
The plaintiffs further contend that the statute, by authorizing the board to fill vacancies in its own body from time to time, makes it a self-perpetuating body, because though two of them are elected for two years, two for four years, and two for six years, the terms of the expiring members are filled by their associates. They further object that the existence of the board is unlimited in duration and that it is not made responsible to the people for its acts, nor to any constitutional authority; that the act contains no provision for the removal of any member of the board except upon indictment for a misfeasance, and then only where the neglect or refusal to perform a duty is willful or corrupt; and, in short, that the Legislature has given the board too much power.
All these matters are within the control of the legislative department of the Government, and it is not in the power of this Court to correct them, nor to review or criticize the action of the General (629) Assembly within the scope of its powers. The act is within the constitutional power of the Legislature, and if there are any defects found therein of the nature complained of, they can be corrected by the General Assembly, should it so wish, at its next session.
After full and careful review of the reasons presented by the able counsel for the plaintiffs, and with due regard to the amount involved and the importance of the act to the people of Davidson County, we do not find that we have any power to issue any writ to interfere with the execution of the act, which has been duly passed and within the constitutional authority and power of the General Assembly.
In Comrs. v. Comrs., supra, we said, quoting from Pearson, C. J., inBroadnax v. Groom, 64 N.C. 244: "The Court has no power, and is not capable, if it had the power, of controlling the exercise of power conferred by the Constitution upon the legislative department of the Government, or upon the county authorities." In the same case, Comrs. v.Comrs., supra, this Court further said: "This is not a matter over which this coordinate department of the Government has any control. If the result is bad, the remedy is to be found in the power of public opinion, either in controlling the conduct of such members or in electing successors who will cause the objectionable legislation to be repealed or modified. The courts do not have supervisory power over the General Assembly, or over the county officials when acting within the authority *Page 720 
lawfully conferred upon them by the Legislature. If there were allegation and proof that the defendants, or any other public officials, were acting dishonestly, or so extravagantly or so recklessly as to amount to an abuse of the authority conferred upon them, the courts might, by injunction in such case, restrain the alleged illegal acts until a jury could pass upon the issues of fact; but the courts cannot interfere with such powers as are conferred upon the defendants by the statute in this case, which, as we have held, were within the power of the General Assembly." The courts can compel officials to comply with a lawful statute. They cannot direct them to disobey it. The courts can supervise by mandamus or injunction the action of officials only to insure their faithful execution of the duties imposed upon them by the statute.
The case last cited, Comrs. v. Comrs., supra, was a decision upon a statute very similar in purpose and purport to this, applicable to the county of Yancey, and further legislation in regard thereto, as desired by the people of that county, has been enacted by the General Assembly since held. The recourse of the plaintiffs herein must be had to the same body, and not to the courts.
This Court can review the conduct of the judges below us, even in matters within their discretion, if there is clear abuse of such (630) discretion; but the Constitution gives no such powers to the five lawyers, who compose this Court, over the conduct of the General Assembly when acting within the constitutional scope of their authority. This Court has repeatedly held, in cases above cited, that the construction and maintenance of public roads, being a necessary expense, the General Assembly has authority to authorize the creation of debt for that purpose without a vote of the people. It may be urged that the General Assembly ought not to be intrusted with such authority; but that is a matter for the people themselves in enacting the State Constitution. It may be said that though the General Assembly has such power, it ought not to exercise it. But that is a matter for them, and not for this Court. While the General Assembly enacted this statute, it is probably true, as contended by the plaintiffs, that the act would not have been passed if opposed by the Member and Senator from the county of Davidson; but that is a matter for the people of that county, and should have been considered by them in selecting their representatives in the General Assembly.
But even if we could review and reverse the action of the General Assembly, should we think they may have acted indiscreetly in passing this act, this Court would be estopped by our previous unanimous decisions to say that there was abuse of discretion on the part of the General Assembly in authorizing Davidson County to issue $300,000 for road *Page 721 
purposes without a vote of the people. In Comrs. v. Comrs., supra, we held a similar act as to Yancey County valid when the population was 12,072 and the taxable property $1,753,036, and the amount of bonds for road purposes, held valid by a unanimous opinion of this Court, was $125,000.
In Pritchard v. Comrs., 159 N.C. 636, we held valid, by a unanimous Court, an issue of $250,000 by Orange County, where the population was 15,066 and the taxable property was $5,167,820; and that case was reaffirmed on rehearing, 160 N.C. 476.
In the present case the issue authorized for Davidson County is $300,000, but the population is nearly double that of Orange, to wit, 29,404, and the taxable property is $9,378,008.
If this Court has power to pass upon the action of the Legislature, when, as we have held, such action is within the constitutional power of the General Assembly, merely because we may think that such action is improvident, we would be estopped by the above and other cases where the amount of bonds authorized for road purposes is proportionately much greater in proportion to population and taxable value than in this case. Besides, if we possessed such power, this State would practically have a commission form of government. The Constitution would have to clearly confer such unusual authority, which it has not done, either expressly or by any implication.
The people of North Carolina have long since declared that (631) they were competent to govern themselves, and they have proved it. When their representatives in the General Assembly procure an act within its powers, which is not agreeable to their constituents, the members of the General Assembly are responsible to the sovereign, the people themselves, and not to this Court, which is simply a coordinate department of the Government, and not authorized to go beyond the powers conferred on us by the Constitution.
The judgment of the court below is
Affirmed.