E. E. HUNEYCUTT v. BOARD OF ROAD COMMISSIONERS OF STANLY COUNTY.

(Filed 2 November, 1921.)

1. **Roads and Highways—Commissioners—Statutes—Constitutional Law —Local Laws.**

   A statute that abolishes two boards of road commissioners in a county and gives to another board, created by the same act, entire control and management of the public roads and bridges of the county, for working, repairing, maintaining, altering, and constructing such roads as were then in existence or which may thereafter be built, does not violate Article II, section 29, of our State Constitution, prohibiting the passage of local, private, or special acts authorizing the laying out, opening, altering, etc., of highways, streets, or alleys, etc., and is a constitutional and valid enactment.

2. **Same—Bonds—Taxation.**

   An act that abolishes two boards of road commissioners of a county and substitutes one central board for the entire county, authorizing it to take care of the indebtedness theretofore incurred for such purposes, and to incur obligations for the continuance of this work and to borrow money in pursuance thereof not to exceed a certain amount, is sufficient to imply the power to issue bonds by the new board to take care of this indebtedness incurred and to be incurred, at the rate of interest specified by the act, and to mature them within the forty years limited by C. S., 3768.

3. **Same—Implied Powers.**

   The construction and maintenance of public roads and bridges is a part of the necessary expenses of a county for which the proper authorities may issue bonds, when the existing conditions make them desirable and proper, consistent with business prudence.

APPEAL by plaintiff from *Finley, J.,* at chambers, 1 September, 1921, from STANLY.

Civil action to enjoin the defendant board of road commissioners of Stanly County from issuing certain bonds, to the amount of $200,000, in order to carry out the purposes of an act of the 1921 General Assembly (not yet published in book form), entitled "An act to provide road commissioners and for road improvement in Stanly County."

From a judgment dissolving the temporary restraining order, and holding that said bonds might be sold as valid and binding obligations, the plaintiff appealed.

*G. D. B. Reynolds and Stack, Parker & Craig for plaintiff.*
*Cansler & Cansler, Brown, Sikes & Brown, J. R. Price, and R. L. Smith & Son for defendant.*

STACY, J. The plaintiff assails the validity of the bonds in question upon the ground, first, that the act of 1921, creating the board of road commissioners of Stanly County, and giving to them the entire control and management of the public roads and bridges in said county, is void under Article II, section 29, of the Constitution; and, second, that even if said act be valid, it does not authorize the defendants to issue bonds in the name of the road commissioners of Stanly County.

Considering the objections in the order named, we may observe that the section of the Constitution, against which it is contended the present enactment of the Legislature offends, in part provides:

"The General Assembly shall not pass any local, private, or special act or resolution . . . authorizing the laying out, opening, altering, maintaining, or discontinuing of highways, streets, or alleys. . . . Any local, private, or special act or resolution passed in violation of the provisions of this section shall be void.' The General Assembly shall have power to pass general laws regulating matters set out in this section."

The act under consideration, among other things, provides as follows:

"SEC. 3. The road commissioners herein created shall have entire control and management of the public roads and bridges of Stanly County. That it shall be the duty of said board to take charge of working, repairing, maintaining, altering, and constructing all roads and bridges of Stanly County now maintained by the county as public roads and bridges, and such as may be hereafter built."

Thus it will be seen that the purpose of the act in question was not to authorize the laying out, opening, altering, or discontinuing of any given road or highway, but to provide ways and means by which the

general road work of the entire county might be successfully carried on and maintained. The two highway commissions hitherto existing in the county were to be abolished and one new central system established. It has been held with us in a number of cases that acts of this character do not fall within the constitutional prohibition against local or private legislation. *Brown v. Comrs.*, 173 N. C., 598, and cases there cited; *Mills v. Comrs.*, 175 N. C., 215; *Martin County v. Trust Co.*, 178 N. C., 27; *Comrs. v. Pruden*, 178 N. C., 394; *Comrs. v. Bank*, 181 N. C., 347, and cases there cited. The subject has been so thoroughly and fully discussed in these recent decisions that we deem it unnecessary to reiterate here the reasons upon which they are based.

We have also repeatedly upheld acts of this character incorporating boards of road commissioners and giving them full control and authority over the construction, maintenance, laying out, altering, and discontinuing of the public roads and highways. *Comrs. v. Comrs.*, 165 N. C., 632, and cases there cited. In *Highway Commission v. Webb*, 152 N. C., 710, the Court decided that the Legislature, in its discretion, might create a board of road commissioners and vest them with such authority over the roads as the county commissioners had theretofore possessed. "It is no objection to this legislation that the issuing of the bonds and the control and ordering of road work are given to the local authorities, while the county commissioners are directed to levy and collect the taxes." *Trustees v. Webb*, 155 N. C., 383. Again, in *Hargrave v. Comrs.*, 168 N. C., 626: "The questions presented in this case are almost identical with those considered in *Comrs. v. Comrs.*, 165 N. C., 632, in which a similar act was upheld. In that case, and also in *Trustees v. Webb*, 155 N. C., 379; *Pritchard v. Comrs.*, 159 N. C., 636, affirmed on rehearing, 160 N. C., 476; *Tate v. Comrs.*, 122 N. C., 812; *Herring v. Dixon, ib.*, 420, and in other cases, this Court has held that the construction and maintenance of public roads are a necessary public expense, and that the General Assembly may provide for the construction and working the same, and may create a board to do this, distinct from the county commissioners, and fix and authorize the levy of taxes for that purpose, as in this act, without a vote of the people. We know of no reason to question the correctness of those decisions."

Coming then to the second objection made by the plaintiff, to wit, that the defendants are without authority to issue bonds, we find the following provision in the act now before us:

"SEC. 6. The said road commissioners of Stanly County are hereby authorized and empowered to borrow money to an amount not exceeding two hundred thousand dollars, at a rate of interest not exceeding six per cent, to pay the current indebtedness now due by the two old boards

21—182

of highway commissioners in Stanly County incurred for constructing roads and bridges in said county, for which the notes or bonds of the county have not been heretofore issued, and to meet·the contracts now outstanding for road work and for further constructing, altering, and repairing the roads and bridges of said county. All notes or other evidences of debt given for any loan under this act shall be executed by and in the name of 'road commissioners of Stanly County,' by its chairman, and attested by its secretary and sealed with the seal of the board."

It is also provided in section 2 that the commission shall have "such other powers ,as are necessary to carry out any and all the provisions of this act." And further, in section 4: "All moneys spent and ·all obligations incurred by said board in constructing, altering, repairing, and maintaining the roads and bridges of said county shall be deemed to be for the necessary public expense and good of said county."

In addition to the specific provisions of the present act, it is the generally accepted position that the costs incurred in building bridges and constructing public roads constitute a part of the necessary expenses of a county. *Tate v. Comrs.*, 122 N. C., 812; *Herring v. Dixon*, 122 N. C., 420; *McKethan v. Comrs.*, 92 N. C., 243; *Evans v. Comrs.*, 89 N.·C., 154. And whatever difference of opinion may ,be found in the decisions elsewhere, it has been held with us, in a number of cases, that "when the power to incur a debt for a necessary expense exists, there would seem to be no good reason of law to prevent the governing authorities of a town (or county) from making provision for the present or ultimate payment of such a debt by issuing bonds for the purpose, if good business prudence and existing conditions are such as to render this course desirable and proper." *Comrs. v. Comrs.*, 148 N. C., 120; *Jones v. Comrs.*, 137 N. C., 579. This was approved in *Bennett v. Comrs.*, 173 N. C., 625, where *Hoke, J.*, writing the opinion, took occasion to say: "True, we have held in this jurisdiction that when county commissioners have power to contract a debt or to provide for valid debts already contracted, they may, in the exercise of good business prudence, issue county bonds in evidence of the obligation, the right of taxation, therefore, being restricted to the constitutional limitations as to debts incurred since the same was adopted," citing *Comrs. v. Webb*, 148 N. C., 120; *McCless v. Meekins*, 117· N. C., 34; *French v. Comrs.*, 74 N. C., 692; *Johnston v. Comrs.*, 67 N. C., 103. In *Johnston v. Comrs*, 67 N. C., 103, *Pearson, C. J.*, speaking to this question, said: "When the defendants, 'the board of commissioners,' succeeded to the office and duties of the justice of the peace in this regard, and found a very large amount of interest in arrear, was it the duty of the board of commissioners to levy and collect a tax in one year sufficient to pay off the

accumulated interest for some fifteen years; or did they have a discretion to endeavor to break the force of this burden upon the taxpayers of the county by issuing county bonds to raise a part of the amount called for, and levying a tax for the residue? We think the board of commissioners had this discretion, and it seems to have been exercised in a discreet manner."

Upon the foregoing authorities we think the objections made, and now insisted on by the plaintiff, must be resolved in favor of the validity of the bonds. But we are of opinion that the term of said bonds should not exceed a period of forty years, as provided by C. S., 3768. It was stated on the argument that this limitation would be observed. As thus modified, the judgment will be affirmed.

Modified and affirmed.