W. B. ELLIS, JOHN W. WEBB, JOHN M. WASHBURN, CONSTITUTING THE BOARD OF ROAD COMMISSIONERS OF MITCHELL COUNTY, v. D. A. GREENE.

(Filed 19 May, 1926.)

1. **Municipal Corporations—Government—Agencies—Highways—Statutes —Constitutional Law.**

The Legislature has the constitutional authority to create a highway commission for a county, and give it control over its bridges and highways, their maintenance and supervision, etc., or subdivide this agency into several parts over defined territory. Const. of N. C., Art. VII, secs. 2, 14.

2. **Municipal Corporations—Cities and Towns—Roads and Highways— Statutes—Taxation.**

Where a county board of highway commissioners is created by statute and given authority among other things to issue bonds for the payment of construction by the various townships, including past, present and prospective construction, the power to levy a tax for this purpose is necessarily implied from the power given to issue the bonds.

3. **Same—Constitutional Law—Uniformity of Taxation.**

Where a county board of highway commissioners is given statutory power to issue bonds for the various townships for road construction, the constitutional requirement of uniformity forbids the taxation of one township for the highways of another, included in a general scheme of highway construction in the county.

4. **Roads and Highways — Taxation — Statutes — Constitutional Law— Bonds—"Necessary Expenses."**

The building of public highways by a county is a "necessary expense" within the meaning of our Constitution, and does not require, for the validity of the statute, that it be approved by the voters. Const., Art. VII, sec. 7.

5. **Statutes—Interpretation—Caption—Highways—Taxation—Bonds.**

A statute providing a general scheme for the issuance of bonds, etc., for the various townships of a county, and giving jurisdiction thereof to a board of road commissioners, will be construed in *pari materia* as to its related parts to preserve the legislative intent, under a correct interpretation of the terms of the statute, and in case of ambiguity in the body of the act, the caption thereof may be considered.

**6. Constitutional Law—Statutes—Constitutional in Part.**

An act will not be declared unconstitutional *in toto* when by correct interpretation it appears that it was the intent of the Legislature that a part thereof, constitutional and complete in its subject-matter, and separable, was to become the law, though other portions should be unenforceable.

**7. Municipal Corporations—Highways — Highway Commissioners — Implied Powers—Bonds—Taxation.**

Where a political subdivision of a county of a state is given valid statutory general authority to issue bonds for highway purposes, the life of the bonds, or the time for which they are to run, with the rate of interest they are to bear, not exceeding six per cent, and all necessary details in exercising the power conferred, is left to the discretion of the board upon which it is conferred, the bonds so issued to be signed by the chairman of the designated board and attested under the corporate seal of the corporation.

**8. Constitutional Law—Statutes—Interpretation — Independent Parts— Municipal Corporations—Taxation—Townships.**

Where under a statute creating a board of highway commissioners under a general scheme of road construction, a township is taxed for its improvements, etc., the county cannot bear the burden, but the township alone.

APPEAL by defendant from *Finley, J.,* of MITCHELL. Modified and affirmed.

This is a controversy without action pursuant to C. S., 626.

The court below rendered the following judgment:

"This cause coming on to be heard before his Honor, T. B. Finley, resident judge of the Seventeenth Judicial District, and being heard upon the agreed case and after argument of counsel for plaintiff and defendant, it is:

"Ordered, adjudged and decreed by the court that the $18,000 of road bonds by Bradshaw Township, Mitchell County, N. C., and described in Exhibit 'A' in said agreed case when issued and delivered, constitute the legal and valid obligation of said Bradshaw Township, Mitchell County, North Carolina, and that the said defendant shall carry out and perform the conditions and stipulations of the contract for the purchase of said bonds in accordance with the terms thereof.

"It is further ordered, adjudged and decreed by the court that the $25,000 of road bonds by Red Hill Township, Mitchell County, North Carolina, and described in Exhibit 'B' of said agreed case when issued and delivered constitute the legal and valid obligations of said Red Hill Township, Mitchell County, North Carolina, and the said defendant shall carry out and perform the conditions and stipulations of the contract for the purchase of said bonds in accordance with the terms thereof.

"It is further ordered and adjudged and decreed that the $15,000 of road bonds of Bakersville Township, Mitchell County, North Carolina, and described in Exhibit 'C' of the said agreed case when issued and delivered constitute the legal and valid obligation of said Bakersville Township, Mitchell County, N. C., and the said defendant shall carry out and perform the condition and stipulations of the contract for the purchase of said bonds in accordance with the terms thereof.

"It is further ordered, adjudged and decreed that the board of road commissioners of Mitchell County have ample legal authority to issue, sell and deliver that said three issue of bonds by the said Bradshaw Township, Red Hill Township, and Bakersville Township, all in Mitchell County, pursuant and in conformity with chapter 172, Public-Local Laws 1915, as amended by chapter 326, Public-Local Laws 1921, as amended by chapter 64, Public-Local Laws, Extra Session, 1921, as amended by chapter 231, Public-Local Laws, Extra Session, 1921, and pursuant to other laws of the General Assembly as may be applicable to the issuance and sale of said bonds on behalf of said townships by said road commissioners.

"It is further adjudged, ordered and decreed by the court that the board of county commissioners of Mitchell County have ample authority pursuant to said statutes above referred to, to levy annually a special tax in each of the said three townships of sufficient rate and amount to pay the principal of said bonds and the interest thereon as the same may become due."

From the foregoing judgment the defendant excepted, assigned error and appealed to the Supreme Court.

*McBee & Berry for plaintiffs.*
*Chas. N. Malone for defendant.*

CLARKSON, J.  Under Public-Local Laws 1915, ch. 172, "An act for the construction and maintenance of the public roads and bridges of Mitchell County," a body corporate was created, known as "The Board of Road Commissioners of Mitchell County," with full power over the roads and bridges of Mitchell County.  This act was amended by chapter 326, Public-Local Laws 1921, also amended by chapter 64 (Extra Session), Public-Local Laws 1921; also amended by chapter 231 (Extra Session), Public-Local Laws 1921.  The construction of these acts are now before us.

It is well settled that the Constitution of the State recognizes as governmental agencies the existence of counties, townships, cities and towns. They can at the will of the Legislature be changed, divided and abolished.

Constitution, Art. VII, sec. 14: "Powers of General Assembly over Municipal Corporations"—"The General Assembly shall have full power by statute to modify, change or abrogate any and all of the provisions of this article, and substitute others in their places, except sections seven, nine and thirteen." The exceptions: Sec. 7, no debt, etc., can be contracted without vote of the people except for necessary expenses. Sec. 9, taxes to be *ad valorem.* Sec. 13, debts in aid of rebellion not to be paid. *Board of Trustees v. Webb,* 155 N. C., 379; *Tyrrell v. Holloway,* 182 N. C., 64; *S. v. Jennette,* 190 N. C., 96; *Day v. Comrs. of Yadkin, post,* 780.

In *Huneycutt v. Comrs.,* 182 N. C., p. 321, it is held: "We have also repeatedly upheld acts of this character incorporating boards of road commissioners and giving them full control and authority over the construction, maintenance, laying out, altering, and discontinuing of the public roads and highways. *Comrs. v. Comrs.,* 165 N. C., 632, and cases there cited. In *Highway Commission v. Webb,* 152 N. C., 710, the Court decided that the Legislature, in its discretion, might create a board of road commissioners and vest them with such authority over the roads as the county commissioners had theretofore possessed. 'It is no objection to this legislation that the issuing of the bonds and the control and ordering of road work are given to the local authorities, while the county commissioners are directed to levy and collect the taxes.' *Trustees v. Webb,* 155 N. C., 383. Again, in *Hargrave v. Comrs.,* 168 N. C., 626: 'The questions presented in this case are almost identical with those considered in *Comrs. v. Comrs.,* 165 N. C., 632, in which a similar act was upheld. In that case, and also in *Trustees v. Webb,* 155 N. C., 379; *Pritchard v. Comrs.,* 159 N. C., 636, affirmed on rehearing, 160 N. C., 476; *Tate v. Comrs.,* 122 N. C., 812; *Herring v. Dixon, ibid.,* 420, and in other cases, this Court has held that the construction and maintenance of public roads are a necessary public expense, and that the General Assembly may provide for the construction and working the same, and may create a board to do this, distinct from the county commissioners, and fix and authorize the levy of taxes for that purpose, as in this act, without a vote of the people. We know of no reason to question the correctness of those decisions.' "

*Bakersville Township Bonds.* The only authority for the issuance of bonds by Bakersville Township is contained in the latter part of section 23 of ch. 326, Public-Local Laws 1921: "That said board of road commissioners *are hereby authorized, empowered* and directed to issue *any necessary amount of bonds, chargeable to any township* or to Mitchell County as the case may be, to cover any outstanding indebtedness now owing by said county for any roads already constructed, *or now under construction or which may be under contemplation of construc-*

*tion."* Public-Local Laws 1921, ch. 231 (Extra Session) is a confirmatory and validating act. Latter part of section 1 is as follows: "A bill to be entitled an act to amend chapter three hundred and twenty-six, Public-Local Laws nineteen hundred and twenty-one, relating to the public roads of Mitchell County and to authorize bond issues and special taxes therefor, be and the same is hereby enacted, reënacted, and confirmed."

In *Commissioners v. Boring,* 175 N. C., p. 109, it is held: "We have frequently held, at least in principle, that where the roads of the different townships or districts are set apart and a scheme is devised whereby they can be planned, laid out, constructed or improved entirely under the township's control and management, and without reference either to State or county benefit, it is not within the legislative power to tax one community or local district for the exclusive benefit of another. *Harper v. Comrs.,* 133 N. C., 106; *Faison v. Comrs.,* 171 N. C., 411; *Keith v. Lockhart,* 171 N. C., 451, and numerous cases in other jurisdictions collected in *Comrs. v. State Treasurer* (Lacy), *supra* (174 N. C., 141), are to the same effect. 'The taxing district through which the tax is to be apportioned must be the district which is to be benefited by its collection and expenditure. The district for the apportionment of the State tax is the State, for a county tax the county, and so on. Subordinate districts may be created for convenience, but the principle is general, and in all subordinate districts the rule must be the same.' Cooley on Taxation (3 ed.), 430. 'The constitutional requirement of uniformity of taxation forbids the imposition of a tax on one municipality, or part of the State, for the purpose of benefiting or raising money for another.' 37 Cyc., 749."

The language of the statutes under consideration is not full and explicit, but by construing them together *in pari materia,* we think a reasonable construction and intent is that the board of road commissioners of Mitchell County had a right to issue the *bonds chargeable to Bakersville Township* for road purposes. "Now under construction or *which may be under contemplation or construction,"* with power given to issue the bonds, it necessarily follows that authority is given to levy sufficient taxes to pay such bonds and the accruing interest thereon. This position is strengthened by the caption of the act, chapter 64, "and to authorize *bond issues and special taxes therefor."*

In *Parvin v. Comrs.,* 177 N. C., p. 511, *Walker, J.,* said: "It would seem that as the people voted for the issue of bonds, they virtually or impliedly voted for the tax, as the bonds would be of no market value without some adequate provision for discharging the principal and interest of the debt, but this is not necessary to be decided, and is merely referred to incidentally in passing, and constitutes no part of the judgment of the court upon the questions submitted to us."

The bonds being for road purposes, they were for a necessary expense, and no vote under the Constitution, Art. VII, sec. 7, required. The proper body authorized the issue of the bonds, as it had a right to do, and the implied power to levy a tax to pay the principal and interest automatically followed. The title or caption to the act may be considered in aid of construction to show intent—"and special taxes therefor." *Freight Discrimination Cases,* 95 N. C., at p. 447; *Cram v. Cram,* 116 N. C., 288; *S. v. Woolard,* 119 N. C., 779; *S. v. Patterson,* 134 N. C., 612; *In re Chisholm,* 176 N. C., 211.

On rehearing in *Charlotte v. Shepard,* 122 N. C., 603, it was said: "When such corporation has thus acquired the right to create the debt and to issue the bonds, this power carries with it the power to levy the taxes necessary to pay said bonds and the accruing interest thereon. *Rawls County Court v. U. S.,* 105 U. S., 733; *U. S. v. New Orleans,* 98 U. S., 381."

Const. of North Carolina, Art. VII, sec. 2, is as follows: "It shall be the duty of the commissioners to exercise a general supervision and control of the penal and charitable institutions, schools, roads, bridges, *levying of taxes* and finances of the county, as may be prescribed by law. The register of deeds shall be, *ex officio,* clerk of the board of commissioners."

The Legislature gave the board of road commissioners of Mitchell County the authority to issue bonds for road purposes for Bakersville Township. The burden is on this township alone to repay the bonds with interest. So far as liability of the whole of Mitchell County is concerned, the act is unconstitutional. *Comrs. of Johnston Co. v. Lacy, supra; Comrs. v. Boring, supra.* The taxes necessary to pay the bonds and interest must be levied for the purpose and, construing the act authorizing the bond issue *in pari materia* with Art. VII, sec. 2, the burden is imposed on the county commissioners of Mitchell County, to levy and collect the necessary tax from Bakersville Township to pay the bonds and interest. *S. v. Jennette, supra,* 101; *Day v. Comrs. of Yadkin County, post,* 780.

It follows, as a matter of course, that the board of road commissioners of Mitchell County, having authority to issue the bonds, it is in their discretion how long bonds shall run, provision for payment, the rate of interest they shall bear, not exceeding the legal rate of 6%. The bonds shall be signed by the chairman of the board and duly attested by the secretary, under the seal of the corporation, and all necessary details carried out by the board in its discretion. When this is done, the bonds will be a legal obligation on Bakersville Township and the county commissioners of Mitchell County are required and authorized to levy the

taxes on all the taxable property in Bakersville Township sufficient and necessary to pay the bonds, principal and interest, so issued by the board of road commissioners of Mitchell County.

We think the statute valid as herein declared, that the bonds are a charge on Bakersville Township and not a ·county charge. *Comrs. of Johnston County v. Lacy, supra; Comrs. v. Boring, supra.* The legis-lative authority is sufficient to levy the tax to pay the principal and interest on the bonds. *Spitzer v. Comrs.*, 188 N. C., 30.

"Where a part of a statute is invalid, the remainder, if valid, will be enforced, provided it is complete in itself and capable of being executed in accordance with the apparent legislative intent; but if the void clause cannot be rejected without causing the statute to enact what the Legis-lature did not intend, the whole of it must fall.  26 A. & E. Enc. of Law (2 ed.), 570; Black on Const. Law, p. 64; *Lowery v. School Trus-tees,* 140 N. C., 42-43; *Keith v. Lockhart,* 171 N. C., 451." *Comrs. v. Boring, supra.*

*Red Hill Township Bonds:* The plaintiff relies upon section 23, ch. 326, Public-Local Laws 1921, as amended by chapter 64, sec. 7, Public-Local Laws, Extra Session, 1921, as authority for the issuance of the $25,000 of bonds by Red Hill Township.

Section 23 referred to says the board of road commissioners of Mitchell County "shall have the power to issue the necessary amount of bonds chargeable to Red Hill Township not to exceed $15,000 under the same conditions and regulations stipulated in this act for the other town-ships of Mitchell County," etc.  Chapter 64, Public-Local Laws, Extra Session, 1921, sec. 7, amends sec. 23 by striking out $15,000 and insert-ing in lieu $30,000 of bonds for Red Hill Township.  The "other town-ships of Mitchell County" mentioned in section 23 of ch. 326, are bonds of Snow Creek Township mentioned in section 21 of said chapter, and bonds of Cane Creek Township mentioned in section 22 of said chapter, and sufficient authority is given in said sections 21 and 22, substantially the same, to levy special tax to pay the principal and interest of the bonds, as follows: "And the county commissioners of Mitchell County are hereby required to meet at the times and places set forth in section 18 of this act and levy a tax on all real and personal property in Snow Creek Township sufficient to pay the interest on said bonds, and to create a sinking fund with which to retire said bonds at their maturity, and shall pledge the full faith and credit and all taxable property, not only of Snow Creek Township, but of Mitchell County as well for the payment of said bonds and interest."  The authority for Cane Creek is practically the same as for Snow Creek, section 22, *supra.*  Under section 18, above referred to, the taxes levied shall be solely in the town-ship and not against the property of the whole county.

The pledging of the full faith and credit and all taxable property of Mitchell County is unconstitutional. *Comrs. of Johnston v. Lacy, supra; Comrs. v. Boring, supra.* This does not affect the validity of the township bonds.

We think the legislative power and authority ample for the board of road commissioners of Mitchell County to issue the bonds for Red Hill Township, as set out in the controversy without action (except as hereafter modified), and provision is made for the payment of the principal and interest on the bonds.

*Bradshaw Township Bonds:* As to the $10,000 of bonds to be issued by Bradshaw Township, we think ample power and authority to issue the bonds is given pursuant to chapter 64, sec. 23(c), Public-Local Laws (Extra Session) 1921, which gives specific authority for the issuance of bonds by that township not to exceed $50,000. The board of county commissioners has ample authority in section 23(g) of said chapter 64, to levy and collect a special tax to pay the principal and interest of bonds issued on behalf of Bradshaw Township. "The board of county commissioners of Mitchell County shall annually thereafter levy in each of the said townships issuing the said bonds a special tax upon all property in said township sufficient to provide funds for the payment of interest on the bonds of said township, and to provide a sinking fund adequate to retire the said bonds of said township at their maturity. The said special taxes shall be levied and collected as the other county taxes are levied and collected, and the proceeds arising from the collection thereof shall be kept separate and apart from the other county and township funds and shall be used for the purpose of paying the interest and retiring the bonds of the respective townships and for no other purpose whatsoever."

We think the legislative power and authority ample for the board of road commissioners of Mitchell County to issue the bonds for Bradshaw Township, as set out in the controversy without action, and provision is made for the payment of the principal and interest on the bonds.

Under chapter 326, Public-Local Laws 1921, sec. 21 and 22, require that the bonds shall mature in not less than 20 nor more than 30 years. This applies to Red Hill Township. We do not think it applies to the other townships. Defendant in his brief says, "As the bonds have not yet been issued, this could probably be corrected by changing the maturities of the bonds." The judgment as to Red Hill Township is modified to meet this legal situation.

From a full investigation of the law, we think the judgment of the court below should be modified as indicated and affirmed as to Red Hill Township, and affirmed as to the other townships. The judgment below is

Modified and affirmed.