LEE WATKINS, DR. FRED HERBERT, A. M. SIMONS, J. C. TOWNSON, AND OTHERS, CITIZENS AND TAXPAYERS OF CHEROKEE COUNTY, v. JOSH JOHNSON, W. R. DOCKERY, AND W. P. ODUM, CONSTITUTING THE BOARD OF ELECTIONS OF CHEROKEE COUNTY.

(Filed 23 September, 1936.)

**Counties B b—Legislature has power to provide that one county commissioner shall be elected from each of three districts of a county.**

Ch. 526, Public-Local Laws of 1935, providing that Cherokee County should be divided into three districts and that one county commissioner should be nominated and elected by the qualified voters of each of the districts, is constitutional as a valid exercise of legislative power over municipal corporations, the General Assembly being given express power by Art. VII, sec. 14, to change and modify the provisions of Art. VII, sec. 1, relating to number and election of county commissioners.

15—210

APPEAL by the plaintiffs from judgment of *Harding, J.,* sustaining demurrer entered at Chambers in Waynesville, 16 July, 1936. From CHEROKEE. Affirmed.

*Edwards & Leatherwood for plaintiffs, appellants.*
*J. D. Mallonee for defendants, appellees.*

SCHENCK, J. This is an action brought by taxpayers of Cherokee County against the Board of Elections of said county to restrain the putting into effect the provisions of chapter 526, Public-Local Laws of 1935, upon the ground that said act is unconstitutional and void. The complaint alleges that the defendants "are proceeding to carry out and put in effect the provisions" of said act and pray judgment "that said chapter 526 of the Public-Local Laws of 1935 be declared unconstitutional and void," and that "the defendants and each of them be restrained and enjoined from in any manner putting into effect and carrying out the provisions" of said act.

The defendants demurred to the complaint upon the ground that "the act referred to . . . was duly and regularly passed in accordance with the Constitution of the State of North Carolina, Article VII, sec. 14, and is valid and within the legislative power," and for that reason the complaint "does not set forth facts sufficient to constitute a cause of action."

The act under consideration reads:

*"The General Assembly of North Carolina do enact:*

"SECTION 1. That for the purpose of the nomination and election of the members of the Board of County Commissioners of Cherokee County the said county is hereby divided into three districts, one commissioner to be nominated and elected in and from each district, the districts to be numbered and designated as follows:

"District Number One to be composed of Valleytown Township; District Number Two to be composed of Tomotla Precinct, Murphy North Ward, Murphy South Ward, Brasstown Precinct, Peachtree Precinct, and Burnt Meeting House Precinct; District Number Three to be composed of all of the other precincts of Cherokee County.

"SEC. 2. That at the next primary or convention to be held in Cherokee County for the nomination of county officers, and every two years thereafter, there shall be nominated by each of the political parties of Cherokee County one commissioner for each of the three districts herein provided for in section one of this act and those participating in said primary or convention, both as candidates and voters, shall be restricted to the qualified voters of said district. The candidate so

nominated from his district shall be declared to be the candidate of his political party and duly nominated for the general election in his district.

"SEC. 3.    That the candidates so nominated from the respective districts shall in the general election be voted on only by the qualified voters of each of said districts, and one commissioner from each of said districts shall be declared elected a county commissioner of Cherokee County.

"SEC. 4.    That the three commissioners elected in and by said districts shall be and constitute the Board of County Commissioners of Cherokee County.

"SEC. 5.    That all laws and clauses of laws in conflict with the provisions of this act are hereby repealed.

"SEC. 6.    That this act shall be in full force and effect from and after its ratification.

"Ratified this the 10th day of May, A.D. 1935."

It is contended by the plaintiffs that this act is in contravention of section 1, Article VII, of the Constitution of North Carolina, which reads: "SECTION 1.    *County Officers.*    In each county there shall be elected biennially by the qualified voters thereof, as provided for the election of members of the General Assembly, the following officers: A treasurer, register of deeds, surveyor, and five commissioners."

The contention of the plaintiffs might be maintained but for section 14 of Article VII of the Constitution of North Carolina, which reads: "SEC. 14.    *Powers of General Assembly Over Municipal Corporations.* The General Assembly shall have full power by statute to modify, change, or abrogate any and all of the provisions of this article, and substitute others in their place, except sections seven, nine, and thirteen."

Since the adoption of the aforesaid section 14, by the Constitutional Convention of 1875, there have been many decisions of this Court upholding legislation modifying, changing, and abrogating the provisions of Article VII.    We are of the opinion, and so hold, that the act under consideration falls well within the full power given the General Assembly by section 14, Article VII of the State Constitution, and, therefore, that his Honor ruled correctly in holding that it was a valid and subsisting law, and in overruling the demurrer.    See *Harriss v. Wright,* 121 N. C., 172; *Audit Co. v. McKenzie,* 147 N. C., 461; *Commissioners v. Commissioners,* 165 N. C., 632; *Woodall v. Highway Com.,* 176 N. C., 377; *Tyrrell v. Holloway,* 182 N. C., 64; *State ex rel. O'Neal v. Jennette et al.,* 190 N. C., 96; *Ellis v. Greene,* 191 N. C., 761.

Affirmed.